■ AMERICAN SPONGE & CHAMOIS COMPANY, INC., Appellant, v. ATLANTIC MUTUAL INSURANCE COMPANY, Respondent.— Order, entered September 6, 1967, unanimously modified, on the law, to the extent of denying defendant's cross motion for summary judgment and, as so modified, affirmed, and judgment entered thereon dismissing the complaint reversed and vacated, with $50 costs and disbursements to abide the event. The action is brought against a liability insurer to recover the sum paid by the insured in settlement of an action for breach of warranty brought against it by the purchaser of compressed cellulose sponges. The plaintiff also seeks reimbursement for sums paid for legal expenses and disbursements in defending the action. Several million sponges were sold and delivered by the insured to be used by the purchaser in connection with the manufacture and sale of its liquid shoe polish. Each sponge was affixed to the inside of a polish container so that it would absorb the polish and be used by a consumer to apply the same to his shoes. The sponges, however, contained salt which permeated the polishing liquid, depriving it of its gloss and rendering the polish unmerchantable. The plaintiff claims that an " ' accident' occurred when the salted sponges interacted with the liquid polish "; that an " ' accident' did in fact take place when the salted sponges came into contact with the * * * polish and ruined same." On this basis, plaintiff contends that the liability incurred by it to the purchaser of the sponges is covered by the policy in that it was liability for " damages because of injury to * * * property * * * caused by accident ". Incidentally, however, it should be noted that the claim asserted against plaintiff by the purchaser of the sponges was not solely for damages directly resulting from the alleged accidents but included consequential damages for breach of warranty. The subject policy is labeled as and is in the general form of a " Comprehensive General — Automobile Liability " policy but it contains numerous endorsements and riders purporting to limit in some instances and to extend in others the insuring agreements. Upon examination of the entire contract as presented

to Special Term and as contained in the original record, we are unable to determine the question of coverage as a matter of law. We have concluded that there is such ambiguity in the policy as a whole and in the various endorsements that the question of coverage and the extent thereof should not be determined without affording the parties the opportunity to present proper extrinsic evidence at a plenary trial. (See *Sincoff* v. *Liberty Mut. Fire Ins. Co.*, 11 N Y 2d 386, 390; *Shneiderman* v. *Metropolitan Cas. Co.*, 14 A D 2d 284, 289; *W. S. Hayes Inc.* v. *Public Serv. Mut. Ins. Co.*, 12 A D 2d 989, app. dsmd. 10 N Y 2d 826.) In the circumstances here, we conclude that the disposition of the defenses should also await the trial. Concur — Eager, J. P., Capozzoli, Tilzer, McGivern and Rabin, JJ.