■ CHARLES BROWN et al., Respondents, v. UNITED STATES FIDELITY AND GUARANTY INSURANCE Co., Appellant, and ADLER & KRAF BUILDING Co., INC., et al., Respondents.— AULISI, J. Appeals for a resetteled order of the Supreme Court at Special Term entered April 11, 1967 in Sullivan County, which denied motions for summary judgment to plaintiffs and the defendant, United States Fidelity and Guaranty Insurance Co., and from a judgment in favor of plaintiffs, entered October 31, 1967 in Sullivan County, upon a decision of the court at a Trial Term without a jury. In October 1963, plaintiffs, the operators of a resort hotel, entered into a construction contract with defendant contractor, Adler and Kraf Building Co., Inc. Paragraph five of that agreement provided liability insurance in designated amounts which would " indemnify and insure it and the OWNER " for liability arising out of the construction and further provided that, notwithstanding this requirement, the contractor would in any event indemnify the owner from any such liability. At that time, the contractor was insured by defendant insurance company. On December 11, 1963, the contractor's attorney wrote a letter to an agent of defendant insurance company in which he set forth paragraph five of the construction contract, requested confirmation of the fact that the contingencies contained therein were covered by his client's policy and asked that a certificate of insurance be issued for delivery over to the plaintiffs. Thereafter, an indorsement affording contractual liability coverage was added to the contractor's policy. Included within that indorsement under the heading "Designation of Contracts" affected thereby was the following provision: "CONTRACT WITH CHARLES & LILLIAN BROWN. D/B/AS BROWN'S HOTEL. DATED 10/14/63. LOC: BROWN'S HOTEL, LOCK SHELDRAKE, NEW YORK. CONSTRUCTION AGREEMENTS-IDENTIFICATION OF OWNERS". Defendant insurance company also issued a certificate of insurance to plaintiffs incorporating the following paragraph: " This policy also affords contractual coverage between Adler & Kraf Building Co., Inc., and Charles & Lillian Brown in connection with building contract for construction at Brown's Hotel." Subsequently, a negligence action was commenced against plaintiffs by a workman allegedly injured at the construction site. Plaintiffs brought in defendant contractor as a third-party defendant and demanded that defendant insurance company defend the action in their behalf, which demand was refused. Plaintiffs then instituted the present action for a declaratory judgment that they were covered by the insurance policy in question. At an earlier stage of this litigation, Special Term denied defendant insurance company's motion for summary judgment, a disposition deemed proper since the pleadings and papers submitted to the court raised valid, triable issues of fact relating to the intended coverage, thereby precluding a summary determination of the matter. Upon the trial

of those issues, they were resolved in plaintiffs' favor and we also affirm that determination. It is clear that the intention of the parties herein was to comply with the insurance terms of the construction contract and to provide plaintiffs with the insurance coverage called for in that agreement. While plaintiffs are not named as the "Insured", the contractual liability indorsement makes explicit reference to "CONSTRUCTION AGREEMENTS-INDEMNIFICATION OF OWNERS" in connection with their construction contract. Further, the action taken by the defendant insurance company and its agent in response to the letter of the contractor's attorney appear consistent only with an understanding that plaintiffs were covered by the policy. Order and judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Aulisi, J.