■ FARM FAMILY MUTUAL INSURANCE COMPANY, Respondent, v HOWARD BAGLEY et al., Appellants.—Order unanimously reversed, without costs, and motion denied. Memorandum: Defendants were hired by one Howard Tuttle to spray his oat fields. They did so by a boom sprayer which released 2.4-D Amin approximately 18 inches above the ground while the tractor to which it was affixed traveled in an east and west direction through the fields. Melvine Bodine, Sr., a neighbor owning property north of Tuttle, brought action against defendants, claiming that the sprayed chemicals were carried to his land and settled upon it causing damage to his vineyards and crops. Plaintiff, insurer of defendants, brought this declaratory judgment action to obtain a judicial determination of its obligation to defendants to defend them in the Bodine action, or pay damages found against them. Special Term granted plaintiff's motion for summary judgment, finding that the Bodine damage claim was excluded from coverage under the terms of the policy. Where an insurance policy is ambiguous or subject to more than one reasonable construction, it will be construed most favorably to the insured and most strictly against the insurer (*Matter of Vanguard Ins. Co. [Polchlopek],* 18 NY2d 376, 381; *Insurance Co. of North Amer. v Godwin,* 46 AD2d 154, 157). This rule is particularly applicable when ambiguities are found within an exclusionary clause (*Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356, 361). In this case the exclusion in controversy provides that the insurer is not obligated to defend or indemnify for "BODILY INJURY or PROPERTY DAMAGE arising out of the discharge, dispersal, release or escape of the smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals * * * but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental." Plaintiff contends that the discharge of the chemicals was intentional, not accidental, and therefore the policy excluded coverage for the damage to the Bodine property. In construing whether or not a certain result is accidental, it is customary to view the casualty from the perspective of the insured to determine whether it was " 'unexpected, unusual and unforeseen' " (*Miller v Continental Ins. Co.,* 40 NY2d 675, 677). The exclusionary clause when interpreted most favorably to the insured presents ambiguities due to wording of the phrase *"if such discharge, dispersal, release or escape is sudden and accidental."* The word "discharge" clearly refers to the original release of the toxic chemicals, an intentional act. However, the word "dispersal" may refer to the original release or it may refer to a secondary dissemination after the original release (see Webster's Third New World Dictionary, unabridged volume [Dispersal defined as distribution; dissemination; scattering]). Thus, when construing the above phrase in a light most favorable to the insured, the dispersal ("scattering") of the spray to the Bodine property may have been sudden, unexpected, unusual and unforeseen. In their affidavit, defendants allege that there was no wind during the time that they sprayed; that the nearest they came to the Bodine property was over 100 feet; and that due care and diligence were utilized from the commencement of the job until completion. Clearly, defendants did not intend to disperse the spray so as to cause damage to Bodine's grapes. Inasmuch as the language of the exclusion is not free from ambiguity the question of coverage and extent thereof

should not be determined without affording the parties the opportunity to present proper evidence at a plenary trial (see *American Sponge & Chamois Co. v Atlantic Mut. Ins. Co.,* 29 AD2d 749, 750; *Brown v United States Fid. & Guar. Ins. Co.,* 30 AD2d 884). (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Schnepp and Witmer, JJ.