■ HELEN G. DALY et al., Appellants, v COUNTY OF TOMPKINS, Respondent.—Appeal from a judgment of the Supreme court, entered January 10, 1978 in Tompkins County, upon a verdict rendered at a Trial Term, in favor of defendant. Plaintiff, Helen Daly, was operating an automobile on North Triphammer Road, Tompkins County, when it skidded off the road and down a steep embankment. As a result of the accident, plaintiff sustained severe injuries. In the complaint it is alleged, *inter alia,* that defendant county was negligent and careless in the maintenance, operation and control of the highway and that the highway was completely covered with ice and in an extremely slippery condition. After a bifurcated trial on the issue of liability, the jury found in favor of the defendant. This appeal ensued. Plaintiffs raise three issues on this appeal urging reversal, only one of which requires comment by us. During the trial plaintiffs offered proof from a witness about forms used by the highway department. Defendant's objection to the testimony was sustained and the court excluded all evidence concerning the county's failure to salt and sand its highway. The court reasoned that since the bill of particulars did not enumerate the failure to sand the surface of the road as a specific act of negligence the proof was inadmissible. We disagree and are of the view that this constituted reversible error (see *Iskovitz v Arrathoon,* 57 AD2d 546). This is so even though plaintiffs failed to move to amend the bill of particulars. A fair reading of the complaint would, in our view, apprise defendant of plaintiffs' theory of negligence and no surprise was claimed by defendant. The car skidded on an icy road and left the highway. The jury could reasonably find that it was negligence on the part of defendant not to sand and salt the highway and such negligence caused both the accident and the injuries sustained by the plaintiffs. Under these circumstances such proof would not be prejudicial. The judgment should be reversed and plaintiffs directed to serve a supplemental bill of particulars, including a statement concerning defendant's failure to salt and sand the highway. Judgment reversed, on the law, with costs, and a new trial ordered; plaintiffs are directed to serve a supplemental bill of particulars in accordance herewith within 20 days of the date of entry of the order to be made hereon. Mahoney, P. J., Greenblott, Sweeney, Kane and Mikoll, JJ., concur.