■ ALLAN R. FREDERICKS et al., Respondents, v CALIFORNIA FRUIT COMPANY et al., Defendants, and A & W TRUCK LEASE CORPORATION, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered June 8, 1982 in Albany County, upon a verdict rendered at Trial Term (Hughes, J.). Defendant's main contention on this appeal is that the amount of the verdict awarded by the jury to plaintiffs is excessive. We disagree. Plaintiff Allan R. Fredericks was employed as a yard clerk in the Port of Albany when he was struck and knocked unconscious by a tractor trailer, owned by defendant A & W Truck Lease Corporation, as it was backing into a loading bay. He was hospitalized briefly for head and back injuries, and he returned to work some six weeks after the accident. Plaintiff continued to experience pain and other symptoms, which grew progressively worse, until approximately one year after the accident when he underwent the surgical removal of a disc from his spine. Plaintiff's back problems continued, and some three and one-half years after the accident he permanently stopped working due to his back

condition. At trial plaintiff presented expert proof that his back problems were caused by the accident, that his condition would probably worsen and might require further surgery, and that he was disabled from performing the type of work he had been doing. In view of the evidence concerning the nature and extent of plaintiff's injuries, their permanency, the extent of the pain, past, present and future, and the effect these injuries have had and will have in the future, the total damages of $375,000 for plaintiff and $30,000 for plaintiff's wife found by the jury are not so excessive as to shock the conscience of the court (*Keefner v City of Albany,* 77 AD2d 747, 749, mot for lv to app den 52 NY2d 704). We also reject defendant's argument that plaintiff should have been precluded from putting in proof that he was permanently disabled since his bill of particulars specified only 70 days lost from work. The bill of particulars, however, was filed before plaintiff finally stopped working, and while the bill was never formally amended, plaintiff submitted papers in support of his pretrial motion for a preference apprising defendant that his condition had worsened, that he had quit working and that he was disabled. Under these circumstances, defendant was not surprised or prejudiced by plaintiff's proof and, accordingly, the trial court properly overruled defendant's objection (see *Daly v County of Tompkins,* 66 AD2d 952). The judgment should be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.