■ ALLAN FREDERICKS et al., Respondents-Appellants, v HOME INDEMNITY COMPANY, Doing Business as HOME INSURANCE COMPANIES, Appellant-Respondent, and LUMBERMENS MUTUAL CASUALTY COMPANY, Doing Business as KEMPER INSURANCE, et al., Respondents-Appellants, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered February 4, 1983 in Albany County, which denied defendant Home Indemnity Company's motion to dismiss plaintiffs' complaint. ¶ Cross appeals (1) from an order of the Supreme Court at Special Term (Hughes, J.), entered May 16, 1983 in Albany County, which *inter alia,* granted defendant Lumbermens Mutual Casualty Company's and plaintiffs' motion for default judgment and defendant A & W Truck Lease Corporation's motion for summary judgment against defendant Home Indemnity Company, (2) from the judgments entered thereon, and (3) appeal from an order of said court, entered October 4, 1983 in Albany County, which denied defendant Home Indemnity Company's motion to renew or reargue. ¶ These consolidated appeals arise out of the same factual circumstances. On June 8, 1982, plaintiffs Allan and Ann Fredericks obtained a judgment, since affirmed (*Fredericks v California Fruit Co.,* 99 AD2d 596), against defendants A & W Truck Lease Corporation (A & W) and California Fruit Company in the amount of $365,175.40 for damages sustained when a truck, driven by an employee of California Fruit and owned by A & W, struck Allan Fredericks on April 20, 1977, causing him severe personal injury. Efforts to settle this negligence action had been unsuccessful, primarily due to the failure of defendant Home Indemnity Company (Home), A & W's primary insurer, to ascertain and disclose the limits of its liability policy, making good-faith negotiations impossible. Throughout, a question existed as to whether the minimum coverage under Home's policy was $100,000 or $250,000. Defendant Lumbermens Mutual Casualty Company (Lumbermens), A & W's excess liability insurer, carried an umbrella policy for amounts of $250,000 up to $1,000,000. Activation of Lumbermens' policy was conditioned on the underlying coverage being $250,000. ¶ After the judgment, in exchange for plaintiffs' release, California Fruit paid $100,000, the limit of its liability insurance, and also assigned to plaintiffs its claim against Home, A & W and Lumbermens for neglecting to exercise good faith in the settlement negotiations. Plaintiffs then brought this action for declaratory relief against, among others, Home, Lumbermens and A & W, charging that they refused to honor their obligation under the insurance contract to pay the amount due on the judgment, negotiated in bad faith and that Home had failed to furnish coverage in the amount of $250,000. Lumbermens and A & W answered and asserted cross claims against Home. ¶ Instead of answering, Home elected to move to dismiss the complaint for failure to state a cause of action. The propriety of the denial of this motion is the subject of one of these appeals. Since the complaint sufficiently alleged notice to Home of entry of the judgment, plaintiffs, as unsatisfied judgment creditors, have stated a cause of action pursuant to section 167 of the Insurance Law (see *Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159,

166). The complaint declares that "due demand has been made", thus suggesting that Home had notice of the judgment, and CPLR 3015 (subd [a]) provides that a contractual condition precedent, which technically is what the section 167 notice requirement is, need not be pleaded. Given that, under modern pleading rules, not only are the pleadings deemed to allege any facts that may reasonably be implied from the complaint (*Underpinnings & Foundation Constructors v Chase Manhattan Bank, N.A.*, 46 NY2d 459, 462), but defects are to be ignored as long as "a substantial right of a party is not prejudiced" (CPLR 3026), the motion to dismiss was properly denied. Furthermore, even if the complaint be reviewed as failing to allege the required notice, plaintiffs' affidavit in opposition to the motion remedies that defect (see *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636). ¶ After denial of its motion to dismiss on February 4, 1983, Home failed to furnish an answer in the time prescribed, pursuant to CPLR 3211 (subd [f]) and 2103 (subd [b], par 2), and Special Term, in response to plaintiffs' and Lumbermens' motions, thereupon granted a default judgment against Home in favor of plaintiffs on their complaint, and in favor of Lumbermens on its cross claim. In addition, A & W sought and obtained summary judgment on its cross claim against Home, declaring Home liable for all sums due plaintiffs in their personal injury action due to Home's bad faith in conducting the defense of that action. In essence, Home was rendered liable for the entire unsatisfied judgment. Home's motion to compel Lumbermens, A & W and plaintiffs to accept its answer, made returnable at the time of the other motions, was denied, Special Term finding no valid excuse or meritorious defense. These cross appeals ensued. A subsequent motion by Home to reargue and/or renew was also denied and appealed by Home. ¶ We affirm. Home offers the excuse that a partner in its counsel's firm underwent heart surgery in the fall of 1983. However, this partner was not an active participant in the defense of this action. Moreover, as found by Special Term in both its original decision and in its denial of the motion to reargue and/or renew, made after the June 24, 1983 amendment to CPLR 2005 (L 1983, ch 318, § 1), a meritorious defense has not been shown. ¶ Initially, we note that Home's conduct estops it from denying that its policy limits were $250,000 per person and $500,000 per occurrence because, from the inception of plaintiffs' negligence suit, Home and its counsel consistently declared that these were indeed the limits of the policy. Lumbermens, the excess carrier, was so notified, and since on the strength of Home's representation ample coverage was believed to be available, A & W's personal attorney withdrew from overseeing his client's defense. It was only after jury selection and commencement of the proof, some five years after the negligence cause of action accrued, that Home advised that its coverage was merely $100,000 per person and $300,000 per occurrence, thus creating a $150,000 gap in A & W's insurance coverage. ¶ Furthermore, as Special Term observed, Home was guilty of bad faith in conducting a defense when on the eve of trial it was still unaware of the precise amount of coverage available. This lack of knowledge necessarily frustrated the serious attempts made to settle this litigation and was tantamount to intentional misconduct. This bad faith in negotiation mandates that Home also indemnify Lumbermens for amounts due plaintiffs over $250,000 for which Lumbermens is liable as the excess carrier. Because Home has exhibited neither a valid excuse nor a meritorious defense, the default judgment against it was properly granted. ¶ The other issues raised on this appeal have been examined and found to be without merit. ¶ Orders and judgments affirmed, with costs to plaintiffs, defendant A & W Truck Lease Corporation and defendant Lumbermens Mutual Casualty Company. Kane, J. P., Main, Yesawich, Jr., Weiss and Harvey, JJ., concur.