■ ROBERT BUCKNER, JR., Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and LIBERTY MUTUAL INSURANCE COMPANY, Respondent. — Judgment unanimously reversed, on the law, without costs, and summary judgment granted declaring plaintiff an insured person under the policy issued by defendant Liberty Mutual Insurance Company. Memorandum: The central issue in this lawsuit is whether plaintiff should be deemed an insured person within the meaning of an insurance policy issued by defendant Liberty Mutual Insurance Company. Plaintiff is a college student residing with his parents, who are the officers and shareholders of Buckner Associates, Inc., a family owned real estate business. While riding his bicycle, plaintiff was struck by a hit-and-run driver, sustaining personal injuries. Plaintiff sought to obtain first-party benefits from Liberty but was denied coverage. The insurer reasoned that the policy of insurance was issued to Buckner Associates, Inc., a corporation; that the policy defines an eligible injured person to include the named insured and any relative residing in the insured's household; that plaintiff is not a "relative" of the corporation and is therefore excluded from coverage.

Plaintiff, as well as defendant Motor Vehicle Accident Indemnification Corporation (MVAIC), which would be liable to plaintiff if the latter were not covered by the Liberty policy, argues that when an automobile insurance policy is issued to a family owned business such as the one herein, the words of the policy create an ambiguity leading the principals of the corporation to believe that the policy covers their family members. We find this argument persuasive. The policy defines an eligible injured

person to include the named insured and any relative. The word "relative" is used at least six times in the definitional section of the personal injury protection portion of the policy. This ambiguity is carried out in the uninsured motorist provisions as well. Since the "named insured" under this policy is a corporation, which cannot sustain a personal injury, it is reasonable for the policyholder to assume that the phrase "the named insured and any relative" refers to the Buckner household. This interpretation is buttressed by another page of the policy which states: "D. WHO IS INSURED. 1. You or any family member". The repeated references to relatives and family members in a policy of insurance which the insurer now claims provides no coverage to family members is misleading to the insured person. It is well settled that an ambiguity in an insurance policy must be resolved against the insurer (*Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392, 398; *Niagara County v Utica Mut. Ins. Co.,* 80 AD2d 415, 419; *Allstate Ins. Co. v Klock Oil Co.,* 73 AD2d 486, 488; *Farm Family Mut. Ins. Co. v Bagley,* 64 AD2d 1014). Insurance policies should be written so that they can be understood by " 'the average man on the street' " (*Tyroler v Continental Cas Co.,* 31 AD2d 8, 10, affd 25 NY2d 710). An ordinary businessman applying for insurance and reading the language of this policy would naturally be misled into thinking that he and his family were covered against precisely the kind of eventuality which has now come to pass. (Appeal from judgment of Supreme Court, Oneida County, Hayes, J. — declaratory judgment.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.