■ HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant, v TRANSAMERICA INSURANCE COMPANY, Respondent.—Order and judgment (one paper) of the Supreme Court, New York County (Louis Grossman, J.), entered November 4, 1987, which denied plaintiff's motion for summary judgment, granted defendant's cross motion for summary judgment, and declared that plaintiff is solely responsible for payment of the settlement sum in the personal injury action, is modified, on the law, to deny defendant's motion for summary judgment, and to vacate the declaration made thereon, and otherwise affirmed, without costs.

The dispute has its genesis in personal injuries sustained in 1973 by a worker on a construction site known as Lincoln Plaza. He sued the general contractor, Greenfield Construction Corp., which impleaded the worker's employer, the air-conditioning and heating subcontractor, Ronel Systems, Inc. Greenfield's defense was assumed by Hartford Accident & Indemnity Company, and Ronel's by Transamerica Insurance Company; Transamerica, as well, had undertaken payment of workers' compensation benefits to the injured worker. Somewhat more than a year after the action was commenced, during the course of disclosure proceedings, Transamerica's attorney first learned that the general liability and workers' compensation policies that Transamerica had issued to Ronel and in effect at the time of the accident, specifically excluded the Lincoln Plaza site. He also learned that general liability and workers' compensation policies specifically including the Lincoln Plaza site and in effect at the time of the accident had been issued to Ronel by Hartford. Transamerica thereupon demanded that Hartford take over Ronel's defense, which Hartford refused to do; Transamerica, however, did not disclaim coverage. Thereafter, the action was settled, with Hartford paying the injured worker a sum of money in satisfaction of his personal injury claim, and a further sum to Transamerica as reimbursement for the workers' compensation payments Transamerica had made to the injured worker. It was stipulated in the settlement that Ronel was liable to indemnify Greenfield for the full amount of the settlement, and further stipulated that the settlement was without prejudice to an action to be commenced by Hartford against Transamerica to resolve which of the two insurers was obligated to indemnify Ronel and pay the workers' compensation claim. The instant action was then commenced by Hartford against Transamerica for recovery of

the sum Hartford had paid on the settlement of the personal injury action. Alternatively, Hartford sought to recover half of such sum on the theory that it and Transamerica were coinsurers of Ronel.

Hartford moved for summary judgment. As proof that Transamerica had covered Ronel for general liability and workers' compensation at the Lincoln Plaza site, Hartford submitted a document, denominated a "certificate of insurance", dated December 12, 1973, admittedly prepared by Transamerica's insurance agent. On its face, it describes Greenfield as a "certificate holder", and purports to certify that Transamerica had issued to Ronel general liability and workers' compensation policies covering all of Ronel's operations in New York for the one-year period commencing March 13, 1973. The motion was also supported by argument to the effect that Transamerica's defense of Ronel in the personal injury action, and payment of compensation benefits to the injured worker, "without disclaimer or objection right through to the settlement of the action", estopped it from asserting noncoverage under either policy, or was at least so inconsistent with noncoverage as to circumstantially confirm the existence of the coverage bespoken in the certificate of insurance.

Transamerica cross-moved for summary judgment. As proof that it did not cover Ronel for its operations at the Lincoln Plaza site, Transamerica submitted two documents, denominated "endorsements", which on their face indicate that they were issued by the same insurance agent who issued the certificate of insurance, and that coverage for the Lincoln Plaza site was "excluded", in the case of the general liability policy, and "eliminated", in the case of the workers' compensation policy, from policies Transamerica had issued to Ronel that were in effect for the year commencing March 13, 1973. Transamerica also submitted other documents, denominated "declaration pages" and "endorsements", which show, according to its attorney, that Hartford had issued to Ronel general liability and workers' compensation policies specifically and exclusively covering Ronel's operations at the Lincoln Plaza site for the one-year period commencing January 2, 1973. Finally, Transamerica placed before the court certain provisions of the subcontract between Ronel and Greenfield, dated October 23, 1972, to show that Greenfield was contractually committed to obtain for Ronel general liability and workers' compensation insurance covering Ronel's operations at the Lincoln Plaza site. Since Hartford had already been supplying

Greenfield with other of its insurance needs in connection with the Lincoln Plaza project, and in view of the proof that Hartford did in fact issue general liability and workers' compensation coverage to Greenfield, it is plausible to infer that Greenfield again solicited Hartford's business for the purpose of fulfilling its obligation under the subcontract to obtain coverage for Ronel. Transamerica's cross motion did not mention the certificate of insurance relied upon by Hartford.

Hartford's reply did not mention any of the documents offered by Transamerica or challenge its reading of the subcontract. Instead, Hartford's attorney again focused attention on the certificate of insurance, and offered more legal argument that Transamerica was estopped from asserting noncoverage. Transamerica's attorney replied by emphasizing that his client's assumption of Ronel's defense and payment of compensation benefits to the worker were mistakes, and by dismissing the certificate of insurance as ineffective to alter the terms of Transamerica's policies with Ronel and as otherwise without legal significance given no showing of reliance upon it by Hartford.

Finding that Transamerica's version of the facts was undisputed, i.e., that its policies with Ronel excluded Lincoln Plaza, IAS dealt with Hartford's estoppel argument and found it to be without merit (citing *Schiff Assocs. v Flack,* 51 NY2d 692; *O'Dowd v American Sur. Co.,* 3 NY2d 347). While we agree that Transamerica's assumption of Ronel's defense and payment of compensation benefits does not estop it as against Hartford from asserting noncoverage *(see also, Mid-City Shopping Center v Consolidated Mut. Ins. Co.,* 35 AD2d 1053), we disagree with IAS, and the dissent, that Hartford did not put in issue whether, as a matter of fact, Ronel had with Transamerica, as well as with Hartford, general liability and workers' compensation policies covering the Lincoln Plaza site at the time of the accident in August 1973. As proof of the existence of such coverage, Hartford offered the certificate of insurance which, although hearsay offered by an attorney without personal knowledge of the facts, was properly to be considered by the court absent an objection to its admissibility by Transamerica *(Borchardt v New York Life Ins. Co.,* 102 AD2d 465, 468 ["The lack of a foundation does not render * * * evidence inadmissible where no objection on that ground is raised"], *affd for the reasons stated* 63 NY2d 1000); it further argued that the certificate was corroborated by Transamerica's long delay in asserting noncoverage. As proof of noncoverage, Transamerica offered the exclusionary endorse-

ments and represented, in a hearsay attorney's affirmation, that its appointment of counsel to represent Ronel and payment of compensation benefits to the injured worker were mistakes; it further asserted, without contradiction, that Greenfield was contractually committed to obtain coverage for Ronel at the Lincoln Plaza site, that Hartford was Greenfield's insurer, and that Hartford was supplying such coverage to Ronel at the time of the accident—circumstances certainly consistent with, but not conclusive of the fact that Transamerica was not also supplying such coverage to Ronel at the time of the accident. The only direct evidence that Transamerica was not are the alleged endorsements to its policies with Ronel excluding such coverage, but these are contradicted by the certificate of insurance.

There is no reason why the endorsements should be viewed as evidence of a higher, more trustworthy and persuasive quality than the certificate of insurance. Both are hearsay that were submitted under attorneys' affirmations without benefit of a foundation and without benefit of evidence that might permit conclusions as to their relative probative force. Absent a basis for ascertaining that the one is credible on the issue of coverage and that the other is not, fact finding on the basis of these documents should be held in abeyance. Issue finding, not issue determination, is the key to the procedure on a motion for summary judgment *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Concur—Carro, Asch, Kassal and Wallach, JJ.

Sullivan, J. P., dissents in a memorandum as follows: The majority finds an issue of fact in the inconsistency between the certificate of insurance which indicates that Transamerica provided Ronel with coverage, including contractual liability, at all job locations in the State, and the two endorsements to the Transamerica policies in issue excluding coverage at the Lincoln Plaza site. This issue was never raised in the motion court. Instead, Hartford cited the certificate together with Transamerica's payment of workers' compensation benefits and its assumption of Ronel's defense, without a disclaimer of coverage or reservation of rights, in support of an estoppel argument. As the majority concedes, neither Transamerica's assumption of Ronel's defense nor its payment of workers' compensation benefits estops it from asserting the defense of noncoverage. *(Schiff Assocs. v Flack,* 51 NY2d 692.) Equally unavailing on any estoppel argument is the cited inconsistency between the certificate and policy endorsements since, as Transamerica aptly points out, Hartford never relied on the

certificate and, in any event, it does not, and could not, claim any rights through subrogation that its insured, Ronel, might have in that regard. In view of both the obvious lack of merit to these estoppel arguments and Hartford's failure to raise any issue as to the validity of Transamerica's exclusionary endorsements, the motion court properly granted summary judgment dismissing the complaint.

In finding a factual issue as to the apparent conflict between the certificate and the endorsements, the majority strains to effect a result and, in doing so, violates the principle that a party may not raise a factual issue for the first time on appeal to defeat summary judgment. *(First Intl. Bank v Blankstein & Son,* 59 NY2d 436, 447.) The reason for such a prohibition is obvious. Had the issue been properly and fairly raised, it might well have been obviated by an evidentiary showing. *(See, Telaro v Telaro,* 25 NY2d 433, 439; 10 Carmody-Wait 2d, NY Prac § 70:417, at 688.)