BUCON, INC., Doing Business as BUTLER CONSTRUCTION, Respondent, v PENNSYLVANIA MANUFACTURING ASSOCIATION INSURANCE COMPANY, Appellant, et al., Defendants.

Third Department, November 16, 1989

## APPEARANCES OF COUNSEL

*Maynard, O'Connor & Smith (Cory C. Kirchert* of counsel), for appellant.

*Carter, Conboy, Bardwell, Case, Blackmore & Napierski (Dianne Bresee Mayberger* of counsel), for respondent.

## OPINION OF THE COURT

LEVINE, J.

In February 1986, defendant D. Benvenuti Properties (hereinafter Benvenuti) contracted with plaintiff, as contractor, to supply the materials and erect the structural steel and metal roofing of a Honda automobile distribution center building to be constructed on Benvenuti's property. Plaintiff then subcontracted with defendant R. A. Marker & Sons, Inc. (hereinafter Marker) to furnish and erect the structural steel and roof system at the site. The contract between plaintiff and Marker provided that Marker would indemnify both Benvenuti and plaintiff and hold them harmless against all claims for injuries arising out of Marker's performance of the work. It also required Marker to "procure, maintain, and furnish to [plaintiff] evidence of" comprehensive liability insurance for, *inter alia,* contractor operations and products and completed operations "with limits * * * satisfactory to [plaintiff] *as additional insureds*" (emphasis supplied). The same clause stipulated that, upon Marker's failure to comply with its insurance obligation, plaintiff could obtain its own coverage and charge its expense against any sums due Marker.

Defendant Pennsylvania Manufacturing Association Insur-

ance Company (hereinafter PMA) issued to Marker a comprehensive liability policy covering the job for a one-year period commencing June 1, 1986. The policy as initially written, however, appeared to exclude liability assumed under the indemnity clause of the subcontract between Marker and plaintiff. Therefore, Marker obtained and paid for additional coverage, evidenced by an appropriate endorsement of the policy, insuring it against liability assumed under "any oral or written contract or agreement relating to the conduct of the named insured's business".

Pursuant to the foregoing insurance provisions of the subcontract, Marker thereafter sent to plaintiff a certificate of insurance on a form prepared and executed by PMA, attesting that a comprehensive insurance policy had been issued to Marker and summarizing the types and limits of coverage contained therein. Upon review of the certificate by plaintiff, however, the certificate was rejected as unsatisfactory on the ground that it did not name plaintiff as an additional insured. Marker notified PMA, who then issued a new certificate of insurance, identical to the previous certificate, except that it added a notation that plaintiff was an additional insured. Upon receiving this certificate, plaintiff permitted Marker to proceed with his performance under the subcontract.

On September 15, 1986, Timothy Fultz, a Marker employee working at the Benvenuti construction site, fell from a steel roof beam, sustaining serious injuries. He subsequently sued both Benvenuti and plaintiff. Plaintiff timely notified PMA of both the occurrence of the accident and the commencement of suit by Fultz, and demanded that PMA furnish a defense and indemnification under the policy issued Marker. Upon PMA's disclaimer, this action was commenced by plaintiff seeking a declaratory judgment that, *inter alia,* PMA was obligated to defend and indemnify it on the claims in the action by Fultz.

After issue was joined, PMA moved for summary judgment and plaintiff cross-moved for partial summary judgment on its claim against PMA. PMA's proof on the motion and cross motion was that, in fact, the policy issued to Marker was never amended to include plaintiff as a named insured and that the designation of plaintiff as an additional insured in the certificate of insurance was "[d]ue to clerical error".

Supreme Court denied PMA's motion but granted plaintiff's cross motion for summary judgment on two grounds. It held that the contractual liability endorsement of Marker's policy,

whereby Marker became insured for liabilities assumed by it under an agreement relating to the conduct of its business, coupled with the certificate's designation of plaintiff as an additional insured, established, as a matter of law, PMA's agreement to provide plaintiff coverage. Supreme Court also held that PMA was estopped from denying the existence of plaintiff's coverage through its certification that plaintiff was an additional insured under the Marker policy. This appeal by PMA ensued.

In our view, an issue of fact exists as to whether PMA had agreed to provide plaintiff, as well as Marker, coverage under the policy. The contractual liability endorsement ran only to Marker's liability, not plaintiff's. The certificate of insurance naming plaintiff as an additional insured is evidence of PMA's agreement to provide plaintiff coverage, but it is neither conclusive proof of the existence of such a contract nor, in and of itself, a contract to insure plaintiff *(see, Hartford Acc. & Indem. Co. v Transamerica Ins. Co.,* 141 AD2d 423, 426; *Hill v Johnson,* 35 AD2d 407, 410, *lv denied* 28 NY2d 484; *Blue Cross v Ayotte,* 35 AD2d 258, 260). Thus, the contractual liability endorsement, certificate of insurance and PMA's disclaimer on a ground consistent with coverage for plaintiff were sufficient to defeat PMA's motion for summary judgment, and could have supported a finding by the trier of fact that coverage to plaintiff was intended *(see, Brown v United States Fid. & Guar. Ins. Co.,* 30 AD2d 884, 885), but did not establish coverage for plaintiff as a matter of law *(see, Hartford Acc. & Indem. Co. v Transamerica Ins. Co., supra).*

We do, however, agree with Supreme Court on its alternative ground for granting plaintiff summary judgment, i.e., that by issuing the certificate of insurance in which plaintiff was named as an additional insured, PMA was estopped from denying coverage for plaintiff. The uncontested evidence submitted on the cross motion established that PMA was informed that plaintiff had required a revised certificate that an endorsement had been obtained adding it as an insured under the policy and that plaintiff had relied upon the amended certificate in permitting Marker to proceed with the work and in electing not to obtain its own coverage and to charge back the cost thereof to Marker, as plaintiff could have done under its subcontract with Marker. Plaintiff's reliance upon the certificate was reasonable, despite the form language in the preamble of the certificate, now emphasized by PMA, that the certificate did not "amend, extend or otherwise alter

the terms and conditions of insurance coverage contained in the policy". There is an absence of any proof that plaintiff was ever furnished a copy of the policy. Moreover, this caveat could only have been reasonably interpreted by plaintiff as referring to terms and conditions of the coverage actually provided both Marker and plaintiff under the policy and any exclusions from such actual coverage, not a warning that an examination of the policy would negate the existence of *any* coverage for plaintiff, the very fact certified to by PMA.

Thus, the elements of common-law estoppel against PMA's denial of coverage were established by plaintiff *(see, Triple Cities Constr. Co. v Maryland Cas. Co.,* 4 NY2d 443, 448; *Metropolitan Life Ins. Co. v Childs Co.,* 230 NY 285, 292). PMA's bare, conclusory averment that the certificate naming plaintiff as an additional insured was the result of "clerical error" was insufficient to overcome the estoppel effect of its misrepresentation, since even an innocent misleading of another party may bar one from claiming the benefits of his deception *(Triple Cities Constr. Co. v Maryland Cas. Co., supra; Romano v Metropolitan Life Ins. Co.,* 271 NY 288, 293).

In this State, once the foundational facts for an estoppel have been established, liability of an insurer may be imposed, even for a loss falling outside the risks insured under the policy *(Draper v Oswego County Fire Relief Assn.,* 190 NY 12, 17)* or beyond the policy limits *(Fredericks v Home Indem. Co.,* 101 AD2d 614, 615). That an estoppel against an insurer can arise out of the issuance of a certificate of insurance has been recognized here *(Hill v Johnson,* 35 AD2d 407, 410, 411 [Hopkins, J., concurring], *supra),* as well as in other jurisdictions *(see, Krauss v Manhattan Life Ins. Co.,* 700 F2d 870, 873-874 [2d Cir] [applying Illinois law]). Accordingly, Supreme Court correctly applied the doctrine of estoppel in granting plaintiff's cross motion for partial summary judgment against PMA.

Casey, J. P., Weiss, Mercure and Harvey, JJ., concur.

Order affirmed, with costs.