■ MULTIPLAN, INC., et al., Appellants, v FEDERAL INSURANCE COMPANY, Respondent.

In 1982, defendant issued a policy entitled "FIDUCIARY LIABILITY POLICY" to the Newspaper Guild of New York—New York Times Welfare Fund. Unbeknownst to anyone involved, the policy, as issued, contained the first two pages of defendant's standard form for that type of policy, but the last four pages of its standard form for association liability insurance policies. The policy, as issued, contained within its last four pages a definition of "insured" possibly covering plaintiff herein, Multiplan, Inc., an entity that provided consulting and administrative services to the Welfare Fund. Said policy contained within its last four pages an exclusion of liability for losses based upon alleged or actual violations of duties imposed upon fiduciaries under the Employee Retirement Income Security Act of 1974 (ERISA), which exclusion might well undermine the very purpose for which the Welfare Fund sought coverage. When Multiplan was sued by the Welfare Fund, it sought coverage from defendant, but defendant disclaimed by letter of September 30, 1985 on the ground that Multiplan was not an "insured". In 1987 correspondence, after the apparent mixup of forms came to light, defendant maintained that if the "incorrect" policy, as issued, governed, the ERISA exclusion clause provided it with a further basis to disclaim coverage of Multiplan's claim. Multiplan was defended in the underlying action by counsel paid, for the most part, by its own errors and omissions carrier, co-plaintiff International Insurance Co. Multiplan and International then brought this action for their defense expenditures and puni-

tive damages. The IAS court dismissed the punitive damage claim, finding that there had been a clear, inadvertent clerical error resulting in the issuance of an erroneous policy, which should be reformed by replacing the last four pages issued with the correct pages from defendant insurer's standard form for fiduciary liability policies. It also found an issue of fact as to whether the parties had committed a mutual mistake by not including Multiplan as an insured on the policy.

The IAS court properly dismissed plaintiffs' punitive damage claim, there being no evidence of morally reprehensible conduct directed at the general public *(Halpin v Prudential Ins. Co.,* 48 NY2d 906), or a disingenuous or dishonest failure to carry out the insurance contract *(Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, 437). To the extent defendant, in 1987, raised the ERISA exclusion appearing in the policy as issued, while simultaneously maintaining that that version did not govern the parties' relationship, it was merely taking the plausible position, in good faith, that under neither version did plaintiff Multiplan enjoy the coverage claimed. We also find that these facts clearly raise issues as to the applicability of the doctrine of scrivener's error *(Nash v Kornblum,* 12 NY2d 42; *Harris v Uhlendorf,* 24 NY2d 463). Given that the record does not provide a complete picture as to how the policy, as issued, was transmitted to the insured, and that discovery had not yet commenced at the time the cross-motions were made, it was inappropriate for the court to rule, as a matter of law, that the reformation sought by defendant upon its counterclaims should be granted. Nonetheless, the facts indicating potential application of reformation support the denial of plaintiffs' cross-motion. We also note that defendant's failure to set forth the ERISA exclusion in its initial disclaimer cannot, in these circumstances, serve as a waiver of that ground, whereby coverage of Multiplan's loss would be created *(Schiff Assocs. v Flack,* 51 NY2d 692). Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.