■ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, v GENERAL ACCIDENT INSURANCE COMPANY, Appellant, et al., Defendant. [611 NYS2d 199] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about April 15, 1993, which granted the motion pursuant to CPLR 3025 (b) by plaintiff Consolidated Edison Company of New York, Inc. ("Con Edison") for leave to amend its complaint and which denied the respective cross-motions by defendants General Accident Insurance Company ("General Acci-

dent") and Fleetwood Agency, Inc. for summary judgment pursuant to CPLR 3212 dismissing the complaint, and order of same court and Justice, entered on or about August 10, 1993, which granted reargument only to the extent of clarifying the prior order to specify that General Accident's cross-motion for summary judgment was denied for the reasons stated in that decision, unanimously affirmed, without costs.

The IAS Court did not abuse its discretion in granting plaintiff Con Edison leave to amend its complaint to add a cause of action for reformation of an insurance policy against defendant General Accident so as to conform the pleadings with the evidence proffered by plaintiff (CPLR 3025 [c]), and in denying defendant-appellant's cross-motion for summary judgment dismissing the complaint, since CPLR 3025 (b) provides that leave to amend shall be freely granted *(Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959), and it is well established that the decision to allow or disallow the amendment is committed to the court's discretion *(supra).* The New York Court of Appeals, in setting forth the criteria for entitlement to reformation based upon mutual mistake or a "scrivener's error", has specifically recognized that " '[w]here there is no mistake about the agreement and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected' " *(Harris v Uhlendorf,* 24 NY2d 463, 467, quoting *Born v Schrenkeisen,* 110 NY 55, 59).

Here, the factual circumstances presented on the record and by the evidence clearly raise triable issues as to whether an omission or mistake due to a scrivener's error, resulting in an agreement imperfectly expressed, warrants the equitable remedy of reformation *(Multiplan, Inc. v Federal Ins. Co.,* 179 AD2d 541; *Hotel Credit Card Corp. v American Express Co.,* 13 AD2d 189). Con Edison has established its entitlement to the proposed amendment for reformation since the probative evidence in admissible form proffered by Con Edison indicates that General Accident, in issuing the insurance policy, may have mistakenly attached a leased premises endorsement rather than the required contractor's general liability endorsement to the policy, and since sharply conflicting affidavits and documentary evidence create triable issues as to whether the failure to procure the contractor's liability insurance for the joint venture to rehabilitate a boiler at Con Edison's Waterside Generating Station, located in New York, naming Con Edison as an additional insured, as specifically required by the

parties' construction contract, resulted from a mutual mistake or scrivener's error; and whether General Accident, as a result thereof, had a duty to defend and indemnify Con Edison *(see, Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co.,* 151 AD2d 207, 210).

We have reviewed the defendants' remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.