■ C.I.T. LEASING CORPORATION, Respondent, v PITNEY BOWES CREDIT CORPORATION, Appellant. [633 NYS2d 487] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered March 9, 1995, which denied defendant's motion for summary judgment and granted plaintiff's cross motion for summary judgment dismissing defendant's counterclaim for attorneys' fees, unanimously affirmed, with costs.

The IAS Court properly determined that summary judgment dismissal of plaintiff's causes of action for breach of contract and, alternatively, reformation, was precluded by the presence of triable issues of material fact. The parties' conflicting affidavits raised issues as to whether the Guaranty Agreement actually represented the parties' intent and understanding with respect to any indemnity with respect to the "Break Funding/Early Termination Option", and whether that indemnity was omitted as the result of mutual mistake (*see, Chimart Assocs. v Paul*, 66 NY2d 570, 573; *Consolidated Edison Co. v General Acc. Ins. Co.*, 204 AD2d 164). The IAS Court properly declined to dismiss the third cause of action seeking recovery of costs and expenses, including attorneys' fees,

incurred in seeking to enforce defendant's alleged indemnity obligation under the Break Funding/Early Termination Option, which were expressly provided for in section 1 (f) of the parties' Guaranty Agreement (*Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5; *Breed, Abbott & Morgan v Hulko*, 139 AD2d 71, 73, *affd* 74 NY2d 686). Defendant's counterclaim seeking attorneys' fees for alleged "baseless" litigation was properly dismissed as there is no legal authority for such relief (*Matter of A.G. Ship Maintenance Corp. v Lezak*, *supra*; *Curiano v Suozzi*, 63 NY2d 113, 116), and, in any event, this litigation cannot be deemed baseless. Concur—Ellerin, J. P., Wallach, Ross, Nardelli and Tom, JJ.