■ ROBERT HERFORT, Plaintiff, v CHUBB GROUP INSURANCE COMPANIES/FEDERAL INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant-Respondent, HOSPITAL UNDERWRITERS MUTUAL INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent-Appellant, and ST. AGNES HOSPITAL, Defendant and Third-Party Plaintiff. MEDICAL LIABILITY MUTUAL INSURANCE COMPANY, Third-Party Defendant-Respondent-Appellant. (And Other Third-Party Titles.) [678 NYS2d 130] —In an action for a judgment declaring the rights of the parties under certain insurance policies, the defendant third-party plaintiff Chubb Group Insurance Companies/Federal Insurance Company appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered July 3, 1996, as (a) granted that branch of the cross motion of the defendant third-party plaintiff Hospital Underwriters Mutual Insurance Company which was for partial summary judgment declaring that the latter was not obligated to defend and indemnify St. Agnes Hospital and various officers, trustees, employees, and staff doctors in connection with an action in the Supreme Court, Westchester County, entitled *Murphy v Capone,* and (b) denied that branch of its motion for summary judgment which was for a declaration that Hospital Underwriters Mutual Insurance Company was obligated to reimburse it for the sums expended by it in defending and settling the *Capone* action, and (2) so much of a judgment of the same court, entered September 27,

1996, as purportedly declared that Hospital Underwriters Mutual Insurance Company was not obligated to defend or indemnify Chubb Group Insurance Companies/Federal Insurance Company in the *Capone* action. Hospital Underwriters Mutual Insurance Company cross-appeals from (1) so much of the same order as (a) granted that branch of the motion of Chubb Group Insurance Companies/Federal Insurance Company which was for summary judgment declaring that Hospital Underwriters Mutual Insurance Company was obligated to reimburse Chubb Group Insurance Companies/Federal Insurance Company for the cost of defense in an underlying proceeding pursuant to CPLR article 78 in the Supreme Court, Westchester County, entitled *Matter of Murphy v St. Agnes Hosp.*, and (b) denied that branch of the cross motion of Hospital Underwriters Mutual Insurance Company which was for summary judgment declaring that it was not obligated to reimburse Chubb Group Insurance Companies/Federal Insurance Company with respect to the same proceeding, and (2) a judgment of the same court, entered September 27, 1996, which is in favor of Chubb Group Insurance Companies/Federal Insurance Company and against it in the principal sum of $18,639.07, representing the cost of defense of the underlying proceeding pursuant to CPLR article 78. The third-party defendant Medical Liability Mutual Insurance Company cross-appeals from so much of the same order as (a) granted that branch of the motion of Chubb Group Insurance Companies/Federal Insurance Company which was for summary judgment declaring that it was obligated to reimburse Chubb Group Insurance Companies/Federal Insurance Company for the amount the latter expended in defending the four doctor-defendants in the *Capone* action, and (b) denied its cross motion for summary judgment as against Chubb Group Insurance Companies/Federal Insurance Company.

Ordered that the appeal of Chubb Group Insurance Companies/Federal Insurance Company from the judgment is dismissed, as it is not aggrieved by the judgment (*see,* CPLR 5511); and it is further,

Ordered that on the cross appeal of Hospital Underwriters Mutual Insurance Company, the judgment is modified by adding thereto a provision severing the issues other than the obligation of Hospital Underwriters Mutual Insurance Company to reimburse Chubb Group Insurance Companies/Federal Insurance Company for the cost of defense of the underlying proceeding pursuant to CPLR article 78; as so modified, the judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that the cross appeal of Hospital Underwriters Mutual Insurance Company from the order entered July 3, 1996, is dismissed; and it is further,

Ordered that the order entered July 3, 1996, is modified, on the law, by (a) deleting the provision thereof granting that branch of the cross motion of the defendant third-party plaintiff Hospital Underwriters Mutual Insurance Company which was for partial summary judgment declaring that it was not obligated to defend and indemnify St. Agnes Hospital and various officers, trustees, employees, and staff doctors in connection with the action entitled *Murphy v Capone* and substituting therefor a provision denying that branch of the cross motion, and (b) deleting the provision thereof denying that branch of the motion of Chubb Group Insurance Companies/Federal Insurance Company which was for summary judgment declaring that Hospital Underwriters Mutual Insurance Company was obligated to reimburse Chubb Group Insurance Companies/ Federal Insurance Company for sums expended by the latter in defending and settling the *Capone* action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from and reviewed, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate judgment declaring the rights of the parties on the severed causes of action; and it is further,

Ordered that the defendant third-party plaintiff Chubb Group Insurance Companies/Federal Insurance Company is awarded one bill of costs.

The cross appeal of Hospital Underwriters Mutual Insurance Company (hereinafter HUMIC) from the intermediate order must be dismissed because the right of direct cross appeal therefrom terminated with the entry of judgment in favor of Chubb Group Insurance Companies/Federal Insurance Company (hereinafter Federal) and against HUMIC in the principal sum of $18,639.07, representing the cost of defense of the underlying proceeding pursuant to CPLR article 78 (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the cross appeal by HUMIC from the order are brought up for review and have been considered on its cross appeal from the judgment (*see,* CPLR 5501 [a] [1]).

To the extent that Federal appeals from the judgment on the ground that it purports to grant partial summary judgment to HUMIC with regard to HUMIC's obligation to defend and indemnify Federal in the action entitled *Murphy v Capone* and purports to deny summary judgment to Federal with regard to

HUMIC's obligation to reimburse Federal for sums expended in defending and settling the *Capone* action, that appeal must be dismissed, since the judgment provides only for a monetary award in favor of Federal and against HUMIC, representing the cost of defense of the underlying proceeding pursuant to CPLR article 78, and therefore, Federal is not aggrieved by the judgment (*see,* CPLR 5511).

"The requirement that an insured notify its liability carrier of a potential claim 'as soon as practicable' operates as a condition precedent to coverage" (*White v City of New York,* 81 NY2d 955, 957; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440). In the present case, the record reveals that HUMIC had sufficient notice of the occurrence which gave rise to all of the lawsuits against St. Agnes Hospital and its various officers, trustees, employees, and staff doctors such that the hospital's notice to HUMIC regarding the *Capone* action was reasonable under all the circumstances (*see, De Forte v Allstate Ins. Co.,* 81 AD2d 465, 471). Thus, the Supreme Court erred in determining that HUMIC was absolved of any obligation to defend or indemnify the hospital, and any of its assignees, with respect to the *Capone* action.

With respect to HUMIC's cross appeal, the allegations in the underlying petition pursuant to CPLR article 78 fell squarely within the ambit of Coverage O of HUMIC's policy and thus, the Supreme Court properly found that HUMIC had a duty to defend in that proceeding.

With respect to the cross appeal of Medical Liability Mutual Insurance Company (hereinafter MLMIC), we note that MLMIC is obligated to reimburse Federal for demonstrable costs incurred in defending Drs. Armand Crescenzi, Vincent A. DeCaprio, Trevelyan E. Palmer, and Kenneth Trout, since MLMIC acknowledged its duty to defend and made representations to each doctor of its intention to do so (*see, Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co.,* 151 AD2d 207). Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.