MUFG Union Bank, N.A. v Axos Bank (2022 NY Slip Op 00730)





MUFG Union Bank, N.A. v Axos Bank


2022 NY Slip Op 00730


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Manzanet-Daniels, J.P., Webber, Oing, Mendez, Higgitt, JJ. 


Index No. 652474/19 Appeal No. 15235 Case No. 2021-01030 

[*1]MUFG Union Bank, N.A. (Formerly Known as Union Bank, N.A.), Plaintiff-Respondent,
v
Axos Bank (Formerly Known as Bank of Internet USA), et al., Defendants-Appellants, EPIQ System, Inc., Defendant.


Cozen O'Connor, New York (Jeremy E. Deutsch and Tamar S. Wise of counsel), for appellants.
Pillsbury Winthrop Shaw Pittman LLP, New York (David G. Keyko of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered February 18, 2021, which, to the extent appealed as limited by the briefs, granted plaintiff's motion for leave to amend the second amended complaint and file a third amended complaint, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in granting plaintiff leave to amend the second amended complaint and to submit a third amended complaint (see generally Consolidated Edison Co. of N.Y. v General Acc. Ins. Co., 204 AD2d 164, 165 [1st Dept 1994]). In Section 6.K. of the Joint Services Agreement (JSA), plaintiff and defendant Epiq (now purportedly the Axos defendants as a result of an assignment) agreed that "[n]either party may attempt to sell, convey, or transfer the Joint Client relationships and/or Joint Client accounts to another entity without the prior written consent of the other." The third amended complaint alleged that the Axos defendants induced Joint Clients to transfer their relationships by "offering zero-fee arrangements," and, at the same time, "refus[ing] Union Bank's request to lower its fees to match the offer being made by Axos." Thus, Supreme Court was within its discretion when it granted plaintiff leave to amend by reframing its allegation that the Axos defendants wrongfully attempted to transfer client relationships from plaintiff to themselves as a breach of Section 6.K of the JSA rather than of the implied covenant of good faith and fair dealing. The Axos defendants' remaining arguments concerning contractual interpretation are more appropriately raised on a motion for summary judgment as opposed to a motion for leave to amend (see M.A. Angeliades, Inc. v Hill Intl., Inc., 150 AD3d 607, 608 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022