■ MORRISON-KNUDSEN COMPANY, INC., Respondent, and AETNA CASUALTY AND SURETY COMPANY, Respondent-Appellant, v CONTINENTAL CASUALTY COMPANY, Respondent-Appellant, A.A. CARBONE & SON, INC., et al., Respondents, and A. BEST CONTRACTING Co., INC., Appellant-Respondent.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered February 7, 1991, which, *inter alia,* denied Aetna Casualty and Surety Company's motion for partial summary judgment as against defendant A. Best Contracting (Best), and denied Best's and co-defendant Continental Casualty Company's cross motions for summary judgment, unanimously affirmed, without costs.

Defendant Continental's certificate of insurance naming plaintiff Morrison-Knudsen Company, Inc. (MKI) as an additional insured for the one year period commencing September 27, 1985, some 10 days before the injury to defendant Best's employee, constitutes evidence of Continental's agreement to insure MKI, but it is neither conclusive proof of the existence of such a contract nor, in and of itself, a contract to insure MKI *(see, Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co.,* 151 AD2d 207, 210; *Hartford Acc. & Indem. Co. v Transamerica Ins. Co.,* 141 AD2d 423). The conflict between the certificate of insurance and the endorsement with respect to the effective date of coverage, and Continental's unexplained provision of a defense to Riverbay, an additional insured on the same certificate as MKI, raises an issue of fact as to whether MKI was insured by Continental at the time of the accident.

The IAS court also correctly held that because the personal injury action brought by Best's employee was settled by the parties before entry of judgment, MKI's claim against Best for contractual indemnification is not barred, as a matter of res judicata, by the intermediate order made in that action denying indemnification *(Peterson v Forkey,* 50 AD2d 774; *Ott v Barash,* 109 AD2d 254). As this Court stated in *Peterson (supra,* at 775), "[t]he settlement of the previous case prior to the entry of judgment operated to finalize the action without regard to the validity of the original claim, and the action was accordingly considered, in contemplation of law, as if it had never been begun" (citing *Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435, 444).

We have considered the remaining arguments and find them to be without merit. Concur—Carro, J. P., Milonas, Wallach, Ross and Rubin, JJ.