■ HORN MAINTENANCE CORPORATION, Respondent, v AETNA CASUALTY & SURETY COMPANY, Appellant, and STATE INSURANCE FUND et al., Respondents. PEDRO ROMAY et al., Respondents, v 400 EAST 77TH OWNERS, INC., Defendant, and HORN MAINTENANCE CORPORATION, Appellant and Third-Party Plaintiff-Appellant. BASONAS CONSTRUCTION CORP., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [639 NYS2d 355]

The motion court erred in granting summary judgment to SIF and Basonas in the declaratory judgment action and, consequently, its reliance on that determination in granting summary judgment and dismissing the third-party complaint in the personal injury action was also error.

Basonas and SIF as summary judgment movants failed to demonstrate that they were entitled to judgment as a matter of law on the issue of whether Horn was covered as an additional insured under Basonas' policy with Aetna. A certificate of insurance is merely evidence of a contract for insurance, not conclusive proof that the contract exists, and not, in and of itself, a contract to insure (*Morrison-Knudsen Co. v Continental Cas. Co.*, 181 AD2d 500; *Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co.*, 151 AD2d 207, 210). On summary judgment, a certificate may be sufficient to raise an issue of fact, especially where additional factors exist favoring coverage (*see, Morrison-Knudsen Co. v Continental Cas. Co., supra; Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co., supra),* but it is not sufficient, standing alone as it does here, to prove coverage as a matter of law.

Basonas' and SIF's failure to carry their burden as summary judgment movants mandated that the motion be denied. As a result, Horn's further contentions refuting coverage need not be addressed. Basonas' additional contentions as to the coverage issue are without merit.

As noted, the summary dismissal of Horn's indemnification claim, based upon the erroneous determination as to coverage, was also error. Consequently, we hold that the determination as to whether the anti-subrogation rule is applicable to bar Horn from seeking contractual indemnification from Basonas as a matter of law must await a proper resolution of the coverage question (*see, Wright v McCann & Son,* 216 AD2d 73). Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Tom, JJ.