■ NIAGARA MOHAWK POWER CORPORATION, Respondent, v SKIBECK PIPELINE CO., INC., et al., Appellants. SKIBECK PIPELINE Co., INC., Third-Party Plaintiff-Respondent-Appellant, v WHITTINGHAM AGENCY, INC., Third-Party Defendant-Respondent. WHITTINGHAM AGENCY, INC., Fourth-Party Plaintiff-Respondent, v AETNA CASUALTY & SURETY COMPANY OF AMERICA et al., Fourth-Party Defendants-Appellants-Respondents. [705 NYS2d 459] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This insurance coverage dispute is secondary to litigation arising out of an accident in which two employees of defendant Skibeck Pipeline Co., Inc. (Skibeck) were injured while working on a construction project for plaintiff, Niagara Mohawk Power Corporation (Niagara Mohawk). Defendants Aetna Casualty & Surety Company of America, Farmington Casualty Company and Aetna Casualty & Surety Company (collectively Aetna) defended both in the

underlying litigation under separate policies of liability insurance. The first was an Owner's Protective Liability (OPL) policy issued to Niagara Mohawk and containing a limit of liability of $1,500,000 per occurrence and in the aggregate. The second was a Commercial General Liability (CGL) policy issued to Skibeck and containing a limit of liability of $1,000,000 per occurrence and $2,000,000 in the aggregate, and excess coverage of $5,000,000 in "umbrella form". This dispute centers on whether Niagara Mohawk was an "additional insured" under the CGL policy.

Aetna settled the underlying litigation by agreeing to pay one injured employee $2,000,000 and the other $1,100,000. Of the total settlement, Aetna determined that $1,500,000 would be allocated against the OPL policy, thereby exhausting its aggregate limit. The remainder, $1,600,000, was allocated against the CGL policy.

Niagara Mohawk commenced this action against Skibeck and Aetna. As against Aetna, Niagara Mohawk alleges that the exhaustion or depletion of coverage under its OPL policy leaves it without defense or indemnification with regard to various other adverse claims arising during the policy period. Niagara Mohawk contends that it is entitled to have the OPL policy "replenished" and to have the settlement charged in its entirety against the CGL policy, under which Niagara Mohawk claims to be an additional insured. Conversely, as against Skibeck, it alleges that, if Niagara Mohawk is not determined to be an additional insured under the CGL policy, then Skibeck breached its contract to procure insurance coverage for Niagara Mohawk. Skibeck commenced a third-party action against The Whittingham Agency, Inc. (Whittingham), the agent of Aetna, to which Skibeck had directed its request that Niagara Mohawk be named as an additional insured under the CGL policy. Whittingham had issued a certificate of insurance designating Niagara Mohawk as an additional insured under the CGL policy for the policy period during which the accident occurred, but just prior to the accident had issued another certificate of insurance that mistakenly omitted that designation. Whittingham commenced a fourth-party action against Aetna asserting the same theory as alleged by Niagara Mohawk against Aetna, i.e., that Niagara Mohawk is an additional insured under the CGL policy.

Aetna, as defendant and fourth-party defendant, and Skibeck, as defendant, appeal from a judgment granting the motion of Niagara Mohawk and the cross motion of Whittingham for summary judgment and denying Aetna's cross motion for

summary judgment dismissing the amended complaint. Supreme Court declared that Niagara Mohawk is an additional insured under the CGL policy and is entitled to indemnification from Aetna under the CGL policy for all costs of defense and liability (settlement) incurred in the underlying personal injury action; directed Aetna to "reimburse and replenish" Niagara Mohawk's OPL policy to the extent of its aggregate limit of $1,500,000; and determined that the "$1.5 million expended by Aetna on behalf of Niagara Mohawk under its owner's protective liability policy is attributed to the Skibeck Commercial General Liability policy, to which plaintiff Niagara Mohawk was an additional insured at the time of the [underlying plaintiffs'] accidents in December of 1993." On appeal, Aetna contends that Niagara Mohawk is not an additional insured under the CGL policy. Additionally, Aetna and Skibeck each contend that the court erred in attributing all of Niagara Mohawk's liability (settlement) to the CGL policy and none to the OPL policy.

We conclude that the court properly declared that Niagara Mohawk is an additional insured under the CGL policy. The undisputed proof on this record is that neither Whittingham nor Skibeck intended that Niagara Mohawk be deleted as an additional insured under the CGL policy; rather, the designation of Niagara Mohawk as an additional insured under that policy was omitted through Whittingham's clerical error. Further, given the uncontroverted proof that Whittingham acted within the scope of its actual or apparent authority in adding Niagara Mohawk as an additional insured, we conclude that Aetna was bound by Whittingham's actions in issuing the certificate of insurance designating Niagara Mohawk as an additional insured (*see, Lenox Realty v Excelsior Ins. Co.*, 255 AD2d 644, 646, *lv denied* 93 NY2d 807; *Matter of Tavano v Tavano Enters.*, 227 AD2d 836, 837, *lv dismissed* 88 NY2d 1018; *Gleason v Temple Hill Assocs.*, 159 AD2d 682, 683-684; *cf., Tomala v Peerless Ins. Co.*, 20 AD2d 206, 209, *affd* 14 NY2d 862; *Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co.*, 151 AD2d 207, 210-211; *Nojaim Bros. v CNA Ins. Cos.*, 113 AD2d 109, 112-114).

The record, however, is inadequate to determine whether Aetna correctly allocated Niagara Mohawk's liability in the underlying action entirely against the CGL policy rather than ratably or equally between the CGL policy and the OPL policy. Thus, we modify the judgment by deleting the word "all" from the penultimate decretal paragraph and by vacating the last decretal paragraph. (Appeals from Judgment of Supreme

Court, Onondaga County, McCarthy, J.—Declaratory Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.