10-0799-cv
10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2010

(Argued:  October 8, 2010      Decided:    January 26, 2011)

Docket No. 10-0799-cv

10 ELLICOTT SQUARE COURT CORPORATION AND 5182 GROUP, LLC,

*Plaintiffs-Appellees*,

—v.—

MOUNTAIN VALLEY INDEMNITY COMPANY,

*Defendant-Appellant.*

Before:

SACK and RAGGI, *Circuit Judges*, KOELTL, *District Judge.*[*]

MAX GERSHWEIR, Hurwitz & Fine, P.C. (Katherine A. Fijal, *of counsel*), Buffalo, New York, *for Defendant-Appellant.*

JUDITH TREGER SHELTON, Kenney Shelton Liptak Nowak LLP, Buffalo, New York, *for Plaintiffs-Appellees.*

[*] Honorable John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

1

PER CURIAM.

Defendant appealed from an award of summary judgment entered in the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*) in favor of plaintiffs on their action for a declaration that defendant was obligated to defend and indemnify them in a personal injury action pending in New York State court. The district court's judgment rested on three grounds relevant to this appeal: (1) that a contract that had not been signed on behalf of the parties to it nonetheless had been "executed" within the meaning of the primary insurance policy in issue and New York law; (2) that defendant was bound to provide insurance coverage to the plaintiffs under an umbrella policy; and (3) that, in any event, defendant was estopped from denying insurance coverage to the plaintiffs by having issued a certificate of insurance identifying the plaintiffs as additional insureds.

In an amended opinion filed December 28, 2010, we reversed the district court's determination on the first issue and affirmed on the second. See 10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co., --- F.3d ----, 2010 WL 5295420 (2d Cir. 2010). As to the third, because the issue of whether a certificate of insurance can be enforced through estoppel implicated important public policy interests of New York and because a split of authority existed among the Appellate Division Departments, we certified the following question to the New York Court of Appeals:

> In a case brought against an insurer in which a plaintiff seeks a declaration that it is covered under an insurance policy issued by that insurer, does a certificate of insurance by an agent of the insurer that states that the policy is in force but also bears language that the certificate is not evidence of coverage, is for

2

informational purposes only, or other similar disclaimers, estop the insurer from denying coverage under the policy?

Id. at *12. The New York Court of Appeals has not yet decided whether to accept the certified question.

Subsequent to our submission of this certified question, the parties settled the case. On January 12, 2011, the parties submitted a stipulation to withdraw the appeal with prejudice and without costs or attorneys' fees. See Fed. R. App. P. 42(b). The parties' stipulation does not affect the decision already filed by this court (1) reversing the district court's conclusion that the contract was "executed" and, therefore, that the primary policy was in effect; and (2) affirming the grant of summary judgment to plaintiffs with respect to coverage under the umbrella policy. See 10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co., 2010 WL 5295420, at *8, *10. We nevertheless construe the stipulation to abandon defendant's appeal from the district court's estoppel ruling. Accordingly, we order that the appeal of this issue, which remained open before this court, now be dismissed with prejudice, without costs to either party. We also withdraw our certification to the New York Court of Appeals, see, e.g., Stichting Ter Behartiging van de Belangen van Oudaandeelhouders in het Kapitaal van Saybolt Int'l B.V. v. Schreiber, 421 F.3d 124 (2d Cir. 2005); Golden v. Winjohn Taxi Corp., 323 F.3d 185, 186-87 (2d Cir. 2003), and order the Clerk of Court to transmit to the Clerk of the New York Court of Appeals a letter so indicating, together with a copy of this opinion.