■ SIRIUS AMERICAN INSURANCE COMPANY et al., Respondents, v BURLINGTON INSURANCE COMPANY, Appellant, et al., Defendants. [917 NYS2d 192]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about March 18, 2008, which, to the extent appealed from, as limited by the briefs, denied defendant-appellant Burlington Insurance Company's (Burlington) cross motion for summary judgment dismissing the amended complaint as against it and for a declaration that the insurance policy Burlington issued to its insured, defendant K.J.S. Construction Inc. (KJS), was void based on material misrepresentations, and granted plaintiffs' motion for a declaration that the policy was still in effect at the time of the worker's alleged accident and declared that Burlington's disclaimer of coverage to plaintiff Sirius American Insurance Company (Sirius) was untimely as a matter of law under New York Insurance Law § 3420 (d), unanimously modified, on the law, the cross motion granted to the extent of declaring that the Burlington policy was void ab initio due to material misrepresentations made in the application process, and denying that branch of plaintiff's motion which sought a declaration that the policy was still in effect at the time of the worker's accident, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Burlington, as cross movant for summary judgment, established prima facie entitlement to such relief by proof that plaintiff general contractor Artimus Construction, Inc. (Artimus) was not named on the face of its policy issued to subcontractor KJS as a named insured or additional insured (*see Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d 198 [2004]; *cf. Majawalla v Utica First Ins. Co.*, 71 AD3d 958 [2010]). The burden having shifted, Artimus, as the party claiming insurance coverage, offered inadequate evidence to raise a triable issue of fact as to whether it was entitled to such coverage (*see Tribeca Broadway Assoc.*, 5 AD3d at 200; *York Restoration Corp. v Solty's Constr., Inc.*, 79 AD3d 861 [2010]). Even assuming, arguendo, that Artimus had demonstrated a triable issue of whether it was a covered insured under the KJS/Burlington policy, such showing would have been unavailing as the policy was void ab initio on account of material misrepresentations made by KJS in the application process to procure the insurance (*see generally* Insurance Law § 3105 [b]; *Precision Auto Accessories, Inc. v Utica First Ins. Co.*, 52 AD3d 1198 [2008], *lv denied* 11 NY3d 709 [2008]; *Kiss Constr. NY, Inc. v Rutgers Cas. Ins. Co.*, 61 AD3d 412 [2009]). A representative from Burlington's underwriter averred, inter alia, that Burlington would not have insured risks associated with KJS's undisclosed demolition work, particularly where the building exceeded four stories in height. The representative's statements were corroborated by internal underwriting documentation, including evidence of a standard exclusion that precluded recovery for bodily injury arising from demolition work in buildings exceeding four stories (*see generally Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435 [2003]).

Since this is a declaratory judgment action, we declare in Burlington's favor, but do not dismiss the amended complaint (*see 200 Genesee St. Corp. v City of Utica*, 6 NY3d 761, 762 [2006]).

We have considered the parties' remaining arguments and find them moot and/or unavailing. Concur—Tom, J.P., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.