■ MT. HAWLEY INSURANCE COMPANY, as Subrogee of Marlite Construction Corp., Appellant, v PENN-STAR INSURANCE COMPANY, Respondent. [56 NYS3d 98]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered May 27, 2015, which granted defendant's motion to dismiss the complaint on the ground that plaintiff was collaterally estopped from bringing this action and denied plaintiff's cross motion to dismiss defendant's affirmative defenses and for summary judgment on its claims, unanimously affirmed, with costs.

Plaintiff brought this action in its capacity as subrogee of its insured, the Marlite Construction Corp. Marlite was the general contractor on a construction project. Marlite hired nonparty W.R. Precision, Inc. to be the steel work subcontractor on the project, and W.R. Precision, in turn, subcontracted its work to nonparty Structure Builders, Inc., d/b/a J&B Ironworks. An employee of Structure was injured in the course of the work and commenced a prior action against Marlite, among others. Plaintiff, as Marlite's insurer, tendered Marlite's defense of the prior action to defendant, W.R Precision's

insurer, based on the claim that Marlite was an additional insured under W.R. Precision's policy. Defendant disclaimed coverage on the basis of, inter alia, an exclusion in the insurance policy for the work of independent contractors. Before the settlement of the prior action, the Appellate Term determined that defendant (W.R. Precision's insurer), was not obligated to indemnify or defend either W.R. Precision or Marlite because of that exclusion in its policy (*Szymanski v 444 Realty Co., LLC*, 33 Misc 3d 126[A], 2011 NY Slip Op 51752[U] [App Term, 1st Dept 2011]).

As part of the settlement of the prior action, a judgment was entered in favor of Marlite against W.R. Precision requiring W.R. Precision to indemnify Marlite for its liability in the prior action under the terms of the contract between the two parties. After the entry of this judgment, plaintiff, as Marlite's subrogee, commenced this action, pursuant to Insurance Law § 3420 (b), against defendant, as W.R. Precision's carrier, to recover the amount plaintiff had paid to settle the prior action on Marlite's behalf, arguing, inter alia, that defendant had not timely disclaimed coverage in connection with the prior action. Defendant moved to dismiss the action, contending that plaintiff was collaterally estopped to assert its present claim by Appellate Term's determination of the coverage issue in the prior action. Supreme Court granted defendant's motion, and we now affirm.

As previously noted, in the prior action, which has been finally determined, Appellate Term held that defendant has no duty to defend or indemnify either W.R. Precision, its named insured, or Marlite, which claimed to be an additional insured under W.R. Precision's policy, because of the policy's exclusion of coverage for injuries to persons employed by independent contractors. Plaintiff, as Marlite's subrogee, cannot raise yet again the issue of the effectiveness of defendant's disclaimer of coverage merely because it now wears the hat of a judgment creditor against defendant's named insured rather than the hat of a purported additional insured under the named insured's policy. While Insurance Law § 3420 (b) enables a judgment creditor of an insured to "step[ ] into the shoes of the [insured] tortfeasor" (*Lang v Hanover Ins. Co.*, 3 NY3d 350, 355 [2004]) and to sue the carrier directly to assert any rights the insured might have against it with respect to the judgment, the statute does not confer upon such a judgment creditor new rights against the carrier not held by the insured. "[T]he effect of the statute is to give to the injured claimant [or other judgment creditor of the insured] a cause of action

against an insurer for the same relief that would be due to a solvent principal seeking indemnity and reimbursement after the judgment had been satisfied. The cause of action is no less but also it is no greater" (*id.* at 354-355 [internal quotation marks omitted]). Concur—Friedman, J.P., Renwick, Feinman and Gische, JJ.