SANDRA J. FEUERSTEIN, United States District Judge
I. Introduction
On or about March 7, 2016, plaintiff Gerver Lopez ("plaintiff") commenced this action against defendant Rutgers Casualty Insurance Company ("defendant") in the Supreme Court of the State of New York, County of Nassau ("the state court"), seeking to convert an unsatisfied judgment entered in the state court on October 21, 2015 against, inter alia , # 1 Realty and Development, Inc. ("# 1 Realty"), in an action entitled Lopez v. Coldwell Banker Meadow Realty, Inc., et al. , Index No 13022/2007 ("the underlying action"), into a judgment against defendant pursuant to New York State Insurance Law § 3420. On April 15, 2016, defendant filed a notice of removal pursuant to 28 U.S.C. § 1441(a), removing the action to this Court on the basis that this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) based upon the diversity *505 of citizenship of the parties. Pending before the Court is defendant's motion pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking summary judgment dismissing plaintiff's claims against it in their entirety. For the reasons set forth below, defendant's motion is granted to the extent set forth herein.
II. Background
A. Factual Background[1]
1. The Complaint
The complaint alleges, inter alia , (i) that on or about May 22, 2007, plaintiff was injured while working at premises located at 1605 Dale Avenue, East Meadow, New York ("the Premises"); (ii) that in the underlying action, plaintiff recovered a judgment against, inter alia , # 1 Realty; and (iii) that # 1 Realty is an additional insured under a policy of insurance issued by defendant to Cavallaro Contracting, Inc. ("Cavallaro"). (Def. 56.1, ¶¶ 2-3).
2. The Underlying Action
On or about July 27, 2007, plaintiff commenced the underlying action against, inter alia , # 1 Realty and Cavallaro seeking to recover damages for personal injuries he allegedly sustained on May 22, 2007 when he fell from a scaffold while working at a construction project at the Premises. (Def. 56.1, ¶¶ 6-7).
By decision and order dated November 20, 2009, the state court in the underlying action found, inter alia , (i) that Cavallaro had been hired by # 1 Realty to act as the general contractor for the construction project; (ii) that on the date of the accident, plaintiff was employed by Lauterio Arevelo, a subcontractor hired by Cavallaro to do work at the Premises; and (iii) that # 1 Realty was liable to plaintiff for the injuries he sustained on May 22, 2007. (Def. 56.1, ¶¶ 8-9).
Following an inquest before the state court on August 5, 2014, judgment was entered in the underlying action against, inter alia , # 1 Realty and Cavallaro in the amount of twelve million thirty-one thousand, four hundred three dollars and forty-four cents ($12,031,403.44). (Def. 56.1, ¶ 10).
3. The Policy
Defendant issued Commercial General Liability insurance policy number SKP 3106931 12 to Cavallaro, effective for the period from April 29, 2007 to April 29, 2008 ("the Policy"), (Def. 56.1, ¶ 11), which provided liability limits of one million dollars ($1,000,000.00) per occurrence and a *506 general aggregate limit of two million dollars ($2,000,000.00). (Id. )
The coverage provided by the Policy is limited to individuals or entities that qualify as either an insured or an additional inured thereunder. (Def. 56.1, ¶ 12). The Policy provides, in pertinent part:
SECTION II-WHO IS AN INSURED
1. If you are designated in the Declaration as:
a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insured, but only with respect to their duties as your managers.
d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.
2. Each of the following is also an insured:
a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business....
(Affidavit of Stephen A. Reilly ["Reilly Aff."], Ex. A).
Cavallaro is the only insured identified in the Policy itself, (Def. 56.1, ¶¶ 14, 45), although plaintiff contends: (i) that a certificate of insurance names # 1 Realty as an additional named insured, (Plf. 56.1, ¶ 14; see also Declaration of David M. Schwarz, Esq., in Opposition to Defendant's Motion ["Schwarz Decl."], Ex. A); and (ii) that the Policy "must be read in conjunction with" that certificate of insurance. (Plf. 56.1, ¶ 45). Indeed, certificates of insurance, dated April 1, 2007, i.e. , twenty-eight (28) days before the inception of the Policy, were issued by the Yvette Korell Agency, the broker for Cavallaro, that identify the Policy and indicate, in relevant part, that # 1 Realty is an additional insured thereunder. (Def. 56.1, ¶ 46). Those certificates of insurance contain the following standard language in the top right hand corner:
"This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below."
(Id. , ¶ 48). Plaintiff contends, however, that that language is "modified by law and principles of estoppel." (Plf. 56.1, ¶ 48). In any event, it is undisputed that # 1 Realty is not referenced anywhere in the Policy, (Def. 56.1, ¶ 21), and that the April 1, 2007 *507 certificates of insurance are the only evidence suggesting that # 1 Realty is an insured under the Policy. (Id. , ¶ 47).
When the Policy was issued, it contained an endorsement, form CG 20 10 03 97, entitled "Additional Insured-Owners, Lessees or Contractors-Scheduled Person or Organization," which provides, in pertinent part:
"Who Is An Insured (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured."
(Reilly Aff., Ex. C). The Schedule contained in that endorsement is blank. (Def. 56.1, ¶ 17). The endorsement further provides that if no entry appears in the Schedule, "information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement." (Reilly Aff., Ex. C). The declarations of the Policy only identify Cavallaro as the insured thereunder. (Def. 56.1, ¶ 18).
A form attached to the Policy, GLDEC 0696, entitled "Commercial General Liability Additional Coverage Declarations," provides additional coverage declarations information and identifies 346 Broadway, Carle Place, New York 11514, as an insured location under the Policy. (Def. 56.1, ¶ 19). However, the accident at issue in the underling action did not occur at that address; it occurred at 1605 Dale Avenue, East Meadow, New York, which is not an insured location under the Policy. (Id. , ¶ 20).
The Policy identifies Buckingham Badler Associates, Inc. ("Buckingham") as defendant's agent. (Def. 56.1, ¶ 22). The retail broker involved in the placement of the Policy was the Yvette Korell Agency. (Id. , ¶ 23). According to Stephen A. Reilly, who is employed by defendant as a claims examiner and is responsible for handling the claims asserted by plaintiff against defendant in this action, (Reilly Aff., ¶ 1), the Yvette Korell Agency is not defendant's agent. (Id. , ¶ 20). Although plaintiff "disagrees" and "will contend" that the Yvette Korell Agency was an agent of defendant, (Plf. 56.1 at p. 6 and ¶ 24), "by reason of apparent agency and for other reasons," (id. , ¶ 24), he cites to no admissible evidence in support of those contentions. (See Id. )
Attached to the Policy is the following endorsement, numbered RCG 00 06, entitled "Exclusion of Injury to Employees, Contractors and Employees of Contractors" ("Injury to Employees of Contractors Exclusion"):
This insurance does not apply to:
I. "bodily injury" to any "employee" of any insured arising out of or in the course of: a) Employment by any insured; or b) Performing duties related to the conduct of any insured's business;
II. "bodily injury" to any contractor or any "employee" of any contractor arising out of or in the course of the rendering or performing services of any kind or nature whatsoever by such contractor or "employee" of such contractor for which any insured may become liable in any capacity; or
III. Any obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury"; or
IV. "bodily injury" sustained by the spouse, child, parent[,] brother or sister of any "employee" of any insured, or of a contractor, or any "employee" of any contractor as a consequence of any injury to any person as set forth in paragraph (i) [sic] and (ii) [sic] of this endorsement.
*508 This exclusion applies to all claims and suits by any person or organization for damages because of such "bodily injury", including damages for care and loss of services.
As used herein the definition of "employee" includes a "leased worker" and a "temporary worker".
This exclusion replaces the exclusion relating to "bodily injury t o [sic] employees and relatives of "employees" [sic] contained in the Exclusions Section of the policy to which this endorsement is attached and the definition of "employee" in said policy[.]
All other terms and conditions remain unchanged.
(Reilly Aff., Ex. A, RCG 00 06). However, plaintiff contends that the Injury to Employees of Contractors Exclusion "does not apply" and "is irrelevant based upon the principle of law that insurance contracts are to be strictly construed against the drafter and that [sic] fact that the plaintiff was not an employee of the additional named insured # 1 Realty against which a judgment was obtained which has not been paid and which is the subject of this direct action." (Plf. 56.1 at 6). As set forth above, it is undisputed: (i) that one of the allegations in plaintiff's complaint is that # 1 Realty is an additional insured under the Policy, (Def. 56.1, ¶ 3; see also Plf. 56.1, ¶ 25a); and (ii) that the state court in the underlying action found, inter alia , (i) that Cavallaro had been hired by # 1 Realty to act as the general contractor for the construction project; and (ii) that on the date of the accident, plaintiff was employed by Lauterio Arevelo, a subcontractor hired by Cavallaro to do work at the Premises. (Def. 56.1, ¶ 8; see also Plf. 56.1, ¶ 25b). It is also undisputed that plaintiff was the employee of a subcontractor hired by Cavallaro, the insured under the Policy. (Def. 56.1, ¶ 26).
The Policy also contains the following provision under "Section I-Coverages,"
2. Exclusions
This insurance does not apply to:
...
b. Contractual Liability
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
(1) That the insured would have in the absence of the contract or agreement; or
(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement....
(Reilly Aff., Ex. A).[2] In addition, the Policy contains the following endorsement, CG 21 39 10 93, entitled "Contractual Liability Limitation,"
This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
The definition of "insured contract" in the DEFINITIONS Section is replaced by the following:
"Insured contract" means:
*509 a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";
b. A sidetrack agreement.
c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
d. An obligation, as required by ordinance, to in demnify [sic] a municipality, except in connection with work for a municipality;
e. An elevator maintenance agreement.
(Reilly Aff., Ex. A).
The work Cavallaro did for # 1 Realty was undertaken pursuant to contract, (Def. 56.1, ¶ 29), and that contract is not an "insured contract" under the Policy, (id. , ¶ 30), although plaintiff contends that this fact is "[i]rrelevant." (Plf. 56.1, ¶ 30). Plaintiff also claims that the fact that the Policy "does not provide coverage for any of the contractual obligations of Cavallaro pursuant to Cavallaro's contract with # 1 Realty," (Def. 56.1, ¶ 31), is "[i]rrelevant." (Plf. 56.1, ¶ 31).
Moreover, the Policy contains the following provision in "Section IV-Commercial General Liability Conditions,"
2. Duties In The Event Of Occurrence, Offense, Claim Or Suit
a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
(1) How, when and where the "occurrence" or offense took place;
(2) The names and addresses of any injured persons and witnesses; and
(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
b. If a claim is made or "suit" is brought against any insured, you must:
(1) Immediately record the specifics of the claim or "suit" and the date received; and
(2) Notify us as soon as practicable.
You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
c. You and any other involved insured must:
(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
(2) Authorize us to obtain records and other information;
(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.
d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.
(Reilly Aff., Ex. A). Plaintiff contends that that provision is "[i]rrelevant." (Plf. 56.1, ¶ 32).
*510 Although the accident at issue in the underlying action occurred on May 22, 2007, (Def. 56.1, ¶ 33), defendant did not receive notice of the accident or claims asserted against Cavallaro until on or about August 7, 2007, approximately seventy-seven (77) days later. (Def. 56.1, ¶¶ 34, 42). Plaintiff contends, however, that the lack of timely notice is irrelevant because defendant did not disclaim coverage on that basis. (Plf. 56.1, ¶ 34). Plaintiff also contends that the following facts, all of which are undisputed, are irrelevant because defendant did not disclaim coverage based upon a lack of timely notice, (id. , ¶¶ 35-37): (i) that the "General Liability Notice of Occurrence/Claim" form defendant received was prepared by the Yvette Korell Agency and forwarded to Buckingham Badler Associates, Inc., (Def. 56.1, ¶ 35); (ii) that the Yvette Korell Agency was the retail broker involved with the issuance of the Policy, (id. , ¶ 36); and (iii) that defendant did not receive timely notice of the occurrence at issue in the underlying action. (Id. , ¶ 37).
The contract between Cavallaro and # 1 Realty called for Cavallaro to act as the general contractor for the construction of a new home at the Premises. (Def. 56.1, ¶ 39). However, the Policy was issued to Cavallaro based upon the representation that the work of Cavallaro was limited to "Carpentry-Interior Residential Including Bathrooms, Kitchens, etc." (Def. 56.1, ¶ 38). If Cavallaro had disclosed to defendant that it did new home construction as a general contractor, defendant would not have issued the Policy to it. (Id. , ¶ 40). Plaintiff contends, however, that those facts are irrelevant since defendant did not disclaim coverage on the basis that the Policy was issued based upon a material misrepresentation of fact. (Plf. 56.1, ¶¶ 38, 40-41). Plaintiff refers to a "Notice of Disclaimer" letter, dated August 8, 2007, sent by defendant to Cavallaro which provides, in pertinent part:
"... Commercial General Liability Policy SKP 3106931 12 contains, and is subject to, an EXCLUSION (RCG 00 06) which excludes from coverage any injuries to employees of any insured, contractors and employees of contractors. Accordingly, [defendant] is hereby notifying [Cavallaro], and all other parties of interest and/or their attorneys, that they are DISCLAIMING COVERAGE with respect to this occurrence/claim/lawsuit. That means that we will not indemnify or defend [Cavallaro], or any other named or additional insured , with respect to this matter.
...
Since ... [plaintiff] alleges to have been injured while performing work, and within the scope of his employment, the ... [Injury to Employees of Contractors] endorsement/exclusion applies, and [defendant] is accordingly DISCLAIMING COVERAGE to [Cavallaro], and all other named or additional insured [sic], under this policy."
(Schwarz Decl., Ex. C; Reilly Aff., Ex. F) (emphasis in original).
Defendant also sent Cavallaro a letter, dated August 14, 2007, in reference to the underlying action, which provides, in relevant part:
I refer you to my "NOTICE OF DISCLAIMER" DATED August 8, 2007.
Please be advised that our continued investigation of this matter revealed that Cavallaro ... was the GENERAL CONTRACTOR on the project wherein ... [plaintiff] alleges to have been injured. This finding constitutes further grounds to DISCLAIM COVERAGE.
Our underwriting guidelines prohibit the issuance of policies to General Contractor's [sic]. Had your application for insurance accurately disclosed the fact that your company acted as a General Contractor, the policy would never have *511 been issued. Therefore I am also DISCLAIMING COVERAGE on the grounds of Material Misrepresentation....
(Reilly Aff., Ex. I) (emphasis in original). Copies of both disclaimer letters were also sent to, inter alia , # 1 Realty, its principal, Laura Muscatelli ("Muscatelli"), and counsel for plaintiff in the underlying action. (See Id. , Ex. F and I).
B. Procedural History
On or about March 7, 2016, plaintiff commenced this action against defendant in the state court seeking to convert the unsatisfied judgment entered in the state court on October 21, 2015 against, inter alia , # 1 Realty into a judgment against defendant pursuant to New York State Insurance Law § 3420. On April 15, 2016, defendant filed a notice of removal pursuant to 28 U.S.C. § 1441(a), removing the action to this Court on the basis that this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) based upon the diversity of citizenship of the parties.
Issue was joined by the service of an answer on behalf of defendant on April 18, 2016, in which, inter alia , defendant asserted counterclaims against plaintiff seeking judgment declaring: (i) that the Policy "does not provide coverage for the loss at issue in the underlying Lopez action as to # 1 Realty ... or Cavallaro ...," (Answer ["Ans"], ¶ 49), because plaintiff's claims against # 1 Realty "are barred, in whole or in part, to the extent that the[y] ... fall within the exclusions contained in the ... [P]olicy and a disclaimer has been issued as to same[,]" (id. , ¶ 48) (first counterclaim); (ii) that the Policy "does not provide coverage to plaintiff[,] # 1 Realty ... and Cavallaro ... for the loss at issue in the underlying Lopez action[,]" (id. , ¶ 51), because defendant "timely and properly disclaimed coverage," (id. , ¶ 50) (second counterclaim); (iii) that the Policy "does not cover the claims asserted in the underlying Lopez action[,]" (id. , ¶ 56), and defendant "has no obligation to defend or indemnify any party to the Lopez underlying action[,]" (id. , ¶ 57), because "[n]o coverage is provided under the [P]olicy ... to the extent [defendant] did not receive timely or proper notice of an occurrence, claim or suit relating to the loss at issue[,] ... [defendant] was not provided timely notice of the loss at issue[,] ... [and defendant] was prejudiced by the failure ... to provide timely notice of [the] occurrence, claim or suit ... set forth in the underlying action[,]" (id. , ¶¶ 53-55) (third counterclaim); (iv) that the Policy "does not provide coverage as to the judgment or claims asserted in the underlying Lopez action[,]" (id. , ¶ 60), because "[p]laintiff's claims are barred and no coverage is provided under the ... [P]olicy to the extent the loss at issue falls within the exclusions of the ... [P]olicy[,]" (id. , ¶ 59) (fourth counterclaim); and (v) that the Policy "does not cover the loss at issue in the underlying Lopez action[,]" (id. , ¶ 63), because "[p]laintiff's claims are barred, and no coverage is provided under the [P]olicy ... to the extent that the loss at issue arises out of an obligation assumed by any insured under any contract that is not an 'insured contract' as defined by the ... [P]olicy and the exclusions and endorsement noted [therein]," (id. , ¶ 62) (fifth counterclaim). Plaintiff filed an answer to defendant's counterclaims on June 15, 2016.
Defendant now moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing plaintiff's claims against it in their entirety.
III. Discussion
A. Standard of Review
"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter *512 of law.' " Zaretsky v. William Goldberg Diamond Corp. , 820 F.3d 513, 519 (2d Cir. 2016) (quoting Fed. R. Civ. P. 56(a) ). In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp. , 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted); see Ricci v. DeStefano , 557 U.S. 557, 129 S.Ct. 2658, 2677, 174 L.Ed.2d 490 (2009) (holding that "[o]n a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." (emphasis added) (internal quotations and citation omitted) ); Vermont Right to Life Comm., Inc. v. Sorrell , 758 F.3d 118, 142 (2d Cir. 2014) ("The role of the court on a summary judgment motion is to determine whether, as to any material issue, a genuine factual dispute exists." (quotations and citation omitted) ). On a motion for summary judgment, "[a] fact is material if it 'might affect the outcome of the suit under the governing law[.]' " Baldwin v. EMI Feist Catalog, Inc. , 805 F.3d 18, 25 (2d Cir. 2015), cert. denied , --- U.S. ----, 137 S.Ct. 49, 196 L.Ed.2d 29 (2016) (quoting Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ).
In reviewing the record to determine whether there is a genuine issue for trial, the court must "construe the evidence in the light most favorable to the nonmoving party," Dalberth v. Xerox Corp. , 766 F.3d 172, 182 (2d Cir. 2014) (quotations and citation omitted), and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Smith v. County of Suffolk , 776 F.3d 114, 121 (2d Cir. 2015) (quotations and citation omitted); accord Apotex Inc. v. Acorda Therapeutics, Inc. , 823 F.3d 51, 59 (2d Cir. 2016). "An issue of fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Dalberth , 766 F.3d at 182 (quoting Anderson , 477 U.S. at 248, 106 S.Ct. 2505 ); see also Apotex , 823 F.3d at 59. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci , 557 U.S. at 586, 129 S.Ct. at 2677 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp. , 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ); accord Baez v. JetBlue Airways Corp. , 793 F.3d 269, 274 (2d Cir. 2015).
"The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP , 735 F.3d 114, 123 (2d Cir. 2013) (quotations, brackets and citation omitted); see also Crawford v. Franklin Credit Mgmt. Corp. , 758 F.3d 473, 486 (2d Cir. 2014). "[W]hen the moving party has carried its burden ..., its opponent must do more than simply show that there is some metaphysical doubt as to the material facts ...[,]" Scott v. Harris , 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (quoting Matsushita Elec. , 475 U.S. at 586-87, 106 S.Ct. 1348 ), and must offer "some hard evidence showing that its version of the events is not wholly fanciful[.]" Miner v. Clinton County, N.Y. , 541 F.3d 464, 471 (2d Cir. 2008) (quotations and citation omitted). The nonmoving party can only defeat summary judgment "by adduc[ing] evidence on which the jury could reasonably find for that party." Lyons v. Lancer Ins. Co. , 681 F.3d 50, 56 (2d Cir. 2012) (quotations, brackets and citation omitted). " 'The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient' to defeat a summary judgment motion[,]" Fabrikant v. French , 691 F.3d 193, 205 (2d Cir. 2012) (quoting Anderson , 477 U.S. at 252, 106 S.Ct. 2505 ); and "[a] court cannot credit a *513 plaintiff's merely speculative or conclusory assertions." DiStiso v. Cook , 691 F.3d 226, 230 (2d Cir. 2012) ; see also Fabrikant , 691 F.3d at 205 ("[C]onclusory statements or mere allegations will not suffice to defeat a summary judgment motion." (quotations and citation omitted) ). Since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party[,] ... [i]f the evidence is merely colorable, ... or is not significantly probative, ... summary judgment may be granted." Anderson , 477 U.S. at 249-50, 106 S.Ct. 2505 (quotations and citations omitted).
B. New York Insurance Law § 3420(a)(2)
Section 3420(a)(2) of the New York Insurance Law provides, in pertinent part, that a liability insurance policy issued in New York must contain, with exceptions not relevant here, "[a] provision that in case judgment against the insured or the insured's personal representative in an action brought to recover damages for injury sustained or loss or damage occasioned during the life of the policy or contract shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may[ ] ..., be maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract." Section 3420(b) of the New York Insurance Law provides, in relevant part:
"Subject to the limitations and conditions of paragraph two of subsection (a) of this section, an action may be maintained by the following persons against the insurer upon any policy or contract of liability insurance that is governed by such paragraph, to recover the amount of a judgment against the insured or his personal representative: (1) any person who, or the personal representative of any person who, has obtained a judgment against the insured or the insured's personal representative, for damages for injury sustained or loss or damage occasioned during the life of the policy or contract; [and] (2) any person who, or the personal representative of any person who, has obtained a judgment against the insured or the insured's personal representative to enforce a right of contribution or indemnity, or any person subrogated to the judgment creditor's rights under such judgment....
Thus, Section 3420 of the New York Insurance Law"creat[es] a limited statutory cause of action on behalf of injured parties directly against insurers," Lang v. Hanover Ins. Co. , 3 N.Y.3d 350, 354, 787 N.Y.S.2d 211, 820 N.E.2d 855 (N.Y. 2004), by "grant[ing] an injured plaintiff the right to sue a tortfeasor's insurance company to satisfy a judgment obtained against the tortfeasor." Id. at 352, 787 N.Y.S.2d 211, 820 N.E.2d 855 ; see also Mt. Hawley Ins. Co. v. Penn-Star Ins. Co. , 151 A.D.3d 528, 529, 56 N.Y.S.3d 98 (N.Y. App. Div. 2017) (" Insurance Law § 3420(b) enables a judgment creditor of an insured to step into the shoes of the insured tortfeasor ... and to sue the carrier directly to assert any rights the insured might have against it with respect to the judgment...." (quotations, alterations and citation omitted) ).
Defendant demonstrated that # 1 Realty was not a named insured or additional insured under the Policy. See, e.g. Tribeca Broadway Assocs., LLC v. Mount Vernon Fire Ins. Co. , 5 A.D.3d 198, 200, 774 N.Y.S.2d 11 (N.Y. App. Div. 2004) ("[A] party that is not named an insured or an additional insured on the face of the policy is not entitled to coverage.");
*514 New York State Thruway Auth. v. Ketco, Inc. , 119 A.D.3d 659, 661, 990 N.Y.S.2d 72 (N.Y. App. Div. 2014) ("[A] party is not entitled to coverage if it is not named as an insured or additional insured on the face of the policy as of the date of the accident for which coverage is sought[.]"); Sirius Am. Ins. Co. v. Burlington Ins. Co. , 81 A.D.3d 562, 563, 917 N.Y.S.2d 192 (N.Y. App. Div. 2011) (finding that the insurance carrier had established its entitlement to summary judgment by proof that the general contractor was not named on the face of its policy as a named insured or additional insured). Contrary to plaintiff's contention, the certificates of insurance issued by Cavallaro's insurance broker to # 1 Realty and Muscatelli are, alone, insufficient to raise an issue of fact as to whether # 1 Realty qualified as an additional insured under the terms of the Policy. See, e.g. Three Boroughs, LLC v. Endurance Am. Specialty Ins. Co. , 143 A.D.3d 480, 481, 38 N.Y.S.3d 421 (N.Y. App. Div. 2016) (holding that the language in the certificate of insurance providing "that 'this certificate is issued as a matter of information only and confers no rights upon the certificate holder [and that] this certificate does not amend, extend or alter the coverage afforded by the policies,' was insufficient to establish additional insured status under the policy[.]" (brackets in original) ); Sevenson Envtl. Servs., Inc. v. Sirius Am. Ins. Co. , 74 A.D.3d 1751, 1753, 902 N.Y.S.2d 279 (N.Y. App. Div. 2010) ("It is well established that a certificate of insurance, by itself, does not confer insurance coverage, particularly under the circumstances of this case, in which the certificate expressly provides that it 'is issued as a matter of information only and confers no rights upon the certificate holder [and] does not amend, extend or alter the coverage afforded by the policies listed below,' e.g., the general liability policy. A certificate of insurance is only evidence of a carrier's intent to provide coverage but is not a contract to insure the designated party nor is it conclusive proof, standing alone, that such a contract exists[.]" (quotations and citations omitted) ); Hargob Realty Assocs., Inc. v. Fireman's Fund Ins. Co. , 73 A.D.3d 856, 857-58, 901 N.Y.S.2d 657 (N.Y. App. Div. 2010) (holding that the certificate of insurance "listing the plaintiff as an additional insured under the subject policy, was insufficient to alter the language of the policy itself, especially since the certificate recited that it was for informational purposes only, that it conferred no rights upon the holder, and that it did not amend, alter, or extend the coverage afforded by the policy[.]")
Although "an insurance company that issues a certificate of insurance naming a particular party as an additional insured may be estopped from denying coverage to that party where the party reasonably relies on the certificate of insurance to its detriment[,] ... [f]or estoppel based upon the issuance of a certificate of insurance to apply, ... the certificate must have been issued by the insurer itself or by an agent of the insurer[.]" Landsman Dev. Corp. v. RLI Ins. Co. , 149 A.D.3d 1489, 1491, 53 N.Y.S.3d 428 (N.Y. App. Div. 2017) (quoting Sevenson , 74 A.D.3d at 1753, 902 N.Y.S.2d 279 ). Retail brokers, such as the Yvette Korell Agency which issued the certificates of insurance at issue in this case, are typically agents of those seeking insurance, not the insurer. Federal Ins. Co. v. Keybank Nat'l Ass'n , 340 Fed.Appx. 5, 7 (2d Cir. 2009) (summary order) ("It is a long-standing principle of New York law that an insurance broker is ordinarily the agent of the insured, not the insurer." (citing Bohlinger v. Zanger , 306 N.Y. 228, 117 N.E.2d 338, 339 (1954) ) ). "To establish that the broker was acting as the insurer's agent, there must be evidence of some action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred." Keybank , 340 Fed.Appx. at 7 *515 (quoting Bennion v. Allstate Ins. Co. , 284 A.D.2d 924, 925, 727 N.Y.S.2d 222 (N.Y. App. Div. 2001) ); see also Fidelity & Guar. Ins. Underwriters, Inc. v. Jasam Realty Corp. , 540 F.3d 133, 140 (2d Cir. 2008) ("Although an insurance broker is generally considered to be an agent of the insured, a broker will be held to have acted as the insurer's agent where there is some evidence of action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred.' " (quotations and citation omitted) ). Since the record is bereft of any evidence from which a rational trier of fact could reasonably find that the Yvette Korell Agency, i.e. , Cavallaro's retail broker, had the actual or apparent authority to bind defendant, for which it did not act as agent, when it issued the certificates of insurance naming Realty # 1 as an additional insured, there is no "basis to estop [defendant] from denying the existence of coverage." Tribeca Broadway , 5 A.D.3d at 200, 774 N.Y.S.2d 11 ; see, e.g. Landsman , 149 A.D.3d at 1491 ; Harco Constr., LLC v. First Mercury Ins. Co. , 148 A.D.3d 870, 872, 49 N.Y.S.3d 495 (N.Y. App. Div. 2017) ; Structure Tone, Inc. v. National Cas. Co. , 130 A.D.3d 405, 406, 13 N.Y.S.3d 52 (N.Y. App. Div. 2015).
The cases cited by plaintiff in support of his contention that defendant should be equitably estopped from denying coverage based upon the certificates of insurance are inapposite. In Lenox Realty v. Excelsior Ins. Co. , 255 A.D.2d 644, 679 N.Y.S.2d 749 (N.Y. App. Div. 1998), there was an agency agreement that specifically provided the insurance agent with authorization to bind insurance, including any policy amendments, for the insurer. Accordingly, the Supreme Court of the State of New York, Appellate Division, Third Judicial Department ("the Third Department"), found that the insurance agent had, at the very least, apparent authority to act on behalf of the insurer in issuing the certificate of insurance. Id. at 646, 679 N.Y.S.2d 749. Plaintiff, however, has produced no evidence from which a rational finder of fact could find that the Yvette Korell Agency had such apparent authority to act on behalf of defendant in this case.
Similarly, in Niagara Mohawk Power Corp. v. Skibeck Pipeline Co. , 270 A.D.2d 867, 705 N.Y.S.2d 459 (N.Y. App. Div. 2000), since there was "uncontroverted proof that [the insurance agent] acted within the scope of its actual or apparent authority in adding [the plaintiff] as an additional insured," the Supreme Court of the State of New York, Appellate Division, Fourth Department, found that the insurer was bound by the insurance agent's actions in issuing the certificate of insurance designating the plaintiff as an additional insured. Id. at 869, 705 N.Y.S.2d 459.
Likewise, in 10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co. , No. 07-cv-053S, 2010 WL 681284 (W.D.N.Y. Feb. 19, 2010), aff'd in part, rev'd in part and question certified , 634 F.3d 112 (2d Cir. 2010), the defendant-insurer did not dispute that the insurance agent had "the authority to, and did, bind coverage."[3] Id. at *2.
*516 In Bucon, Inc. v. Pennsylvania Mfg. Ass'n Ins. Co. , 151 A.D.2d 207, 210, 547 N.Y.S.2d 925 (N.Y. App. Div. 1989), the Third Department held that an issue of fact existed based upon: (i) the contractual liability endorsement of the insurance policy, whereby the named insured "became insured for liabilities assumed by it under an agreement relating to the conduct of its business;" (ii) the certificate of insurance naming the plaintiff as an additional insured, which was "neither conclusive proof of the existence of such a contract nor, in and of itself, a contract to insure [the] plaintiff;" and (iii) the insurer's "disclaimer on a ground consistent with coverage for [the] plaintiff...." Id. at 210, 547 N.Y.S.2d 925. Moreover, unlike this case, the insurer, itself, actually issued the certificate of insurance in which the plaintiff was named as an additional insured in that case. Id. at 209, 210, 547 N.Y.S.2d 925 ; see also B.T.R. E. Greenbush v. General Accident Co. , 206 A.D.2d 791, 615 N.Y.S.2d 120 (N.Y. App. Div. 1994) (similarly involving an insurer-issued certificate of insurance).
In Horn Maintenance Corp. v. Aetna Cas. & Sur. Co. , 225 A.D.2d 443, 639 N.Y.S.2d 355 (N.Y. App. Div. 1996), the Supreme Court of the State of New York, Appellate Division, First Judicial Department ("First Department"), held that "[o]n summary judgment, a certificate [of insurance] may be sufficient to raise an issue of fact, especially where additional factors exist favoring coverage ... but it is not sufficient, standing alone ... to prove coverage as a matter of law." Id. at 444, 639 N.Y.S.2d 355 (emphasis added). In support of its holding, the First Department cited Bucon , set forth above, and the case Morrison-Knudsen Co. v. Continental Cas. Co. , 181 A.D.2d 500, 580 N.Y.S.2d 356 (N.Y. App. Div. 1992), which also involved both an insurer-issued certificate of insurance and other factors favoring coverage, e.g. , the insurer's "unexplained provision of a defense to Riverbay, an additional insured on the same certificate as [the plaintiff]." Id. at 500, 580 N.Y.S.2d 356. There are no such "additional factors" present in this case; nor did defendant, itself, issue the certificates of insurance at issue.
In Zurich Ins. Co. v. White , 221 A.D.2d 700, 633 N.Y.S.2d 415 (N.Y. App. Div. 1995), the Third Department found that the insurer was estopped from asserting a claim for reimbursement by "acting in a manner which indicated its acknowledgment of a no deductible clause," i.e. , by waiting until after it had adjusted and paid hundreds of claims and after the project was essentially complete before disclaiming coverage retroactively. Accordingly, that case is clearly inapposite.[4]
Moreover, disclaimer "is unnecessary when a claim falls outside the scope of the policy's coverage portion[,] ... [because] the insurance policy does not contemplate coverage in the first instance, and requiring payment of a claim upon failure to timely disclaim would create coverage where it never existed." Worcester Ins. Co. v. Bettenhauser , 95 N.Y.2d 185, 188, 712 N.Y.S.2d 433, 734 N.E.2d 745 (N.Y. 2000) ; see also Markevics v. Liberty Mut. Ins. Co. , 97 N.Y.2d 646, 648, 735 N.Y.S.2d 865, 761 N.E.2d 557 (N.Y. 2001) ("A disclaimer is unnecessary when a claim does not fall within the coverage terms of an insurance policy.") Accordingly, defendant's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's claims against it in their entirety is granted to the extent that defendant is granted judgment as a matter of law dismissing *517 plaintiff's claims against it in their entirety on the basis that # 1 Realty is not an insured or additional insured under the Policy.[5]
IV. Conclusion
For the reasons set forth above, defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's claims against it in their entirety is granted to the extent set forth herein and defendant is granted judgment as a matter of law dismissing plaintiff's claims against it in their entirety on the basis that # 1 Realty is not an insured or additional insured under the Policy. The Clerk of the Court shall enter judgment in favor of defendant in accordance with this Order and close this case.
SO ORDERED.

Only those assertions in the parties' statements pursuant to Local Civil Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 56.1") that are properly supported pursuant to Rule 56(c) of the Federal Rules of Civil Procedure have been considered by the Court. See Local Civil Rule 56.1(d) ("Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).") The unsupported assertions in the parties' respective Local Civil Rule 56.1 statements, (see Defendant's Local Civil Rule 56.1 Statement of Material Facts ["Def. 56.1"], ¶¶ 27, 41; Plaintiff's Rule 56.1 Statement of Material Facts ["Plf. 56.1"], ¶¶ 23a, 23b, 24, 25a, 25b, 49), have been disregarded. See, e.g. New World Sols., Inc. v. NameMedia Inc. , 150 F.Supp.3d 287, 305 (S.D.N.Y. 2015) ("[I]f a party fails to properly support a statement by an adequate citation to the record, the Court may properly disregard that assertion."); F.D.I.C. v. Hodge , 50 F.Supp.3d 327, 343, n. 2 (E.D.N.Y. 2014) ("Statements without citation to evidence may be properly ignored by the court."); Kaur v. New York City Health & Hosps. Corp. , 688 F.Supp.2d 317, 322 (S.D.N.Y. 2010) ("Where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion." (quotations, alterations and citation omitted) ). The following facts are undisputed unless otherwise indicated.

Although plaintiff does not contest the accuracy of defendant's quotation of this provision in its Local Civil Rule 56.1 Statement, (see Plf. 56.1, ¶ 28), defendant's Local Civil Rule 56.1 Statement actually misquotes the language in subsection (1) of paragraph (b) of that provision, (see Def. 56.1, ¶ 28), which was properly quoted by Mr. Reilly in his affidavit. (See Reilly Aff., ¶ 17 and Ex. A at CG 21 39 10 93).

Moreover, on appeal, the Second Circuit, inter alia , certified the following question to the Court of Appeals of New York: "In a case brought against an insurer in which a plaintiff seeks a declaration that it is covered under an insurance policy issued by that insurer, does a certificate of insurance issued by an agent of the insurer that states that the policy is in force but also bears language that the certificate is not evidence of coverage, is for informational purposes only, or other similar disclaimers, estop the insurer from denying coverage under the policy?" 10 Ellicott Square , 634 F.3d at 126 (emphasis added). Since the parties subsequently settled the case before the Court of Appeals of New York determined the certified question, the Second Circuit amended its decision to withdraw its certification. 10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co. , 634 F.3d 232 (2d Cir. 2011).

Since the cases from state courts other than New York do not apply New York law, they are not addressed herein.

In light of this determination, it is unnecessary to consider defendant's remaining contentions seeking summary judgment dismissing plaintiff's claims against it.